**Phyllis HARRIS, Plaintiff,**

v.

**Mr. and Mrs. Jonathan JONES,
Defendants.**

**Civ. A. No. 69–142.**

United States District Court
D. Massachusetts.

Feb. 27, 1969.

Daniel D. Levenson, Boston, Mass., for plaintiff.

Robert C. Hagopian, South Hamilton, Mass., for defendants.

OPINION

CAFFREY, District Judge.

This is a civil action brought pursuant to the provisions of 42 U.S.C.A. § 1982. Jurisdiction of this court is based upon 28 U.S.C.A. § 1343(2) (4). Plaintiff seeks herein preliminary and permanent injunctive relief ordering defendants to lease to her and her husband a four-room apartment located at 44 Summer Street, Watertown, for a period of one year at a rental of $125.00 per month. After trial I find and rule as follows:

Plaintiff, Phyllis Harris, is a negro presently employed by the New England Telephone & Telegraph Company at a salary of $75.00 a week. Defendants, Mr. and Mrs. Jonathan Jones, are the owners of a house containing two apartments located at 44 Summer Street, Watertown. They occupy the first floor apartment as their home. The second floor apartment consisting of four rooms is the subject matter of this litigation. It is presently vacant and the defendants listed it with the Orchard Park Realty Company at a rental of $125.00 a month. Plaintiff had tried unsuccessfully to find a suitable rental unit for herself and her husband in the Watertown-Cambridge area, and in her quest for adequate housing she enlisted the assistance of an agency called the "Watertown Fair Housing Committee." Mrs. Martha Sparks, a twenty-five year old white woman, at the request of that agency called the Orchard Park Realty, inquired as to available apartments located near public transportation in the rental range of $100.00 to $125.00 a month, and then made an appointment to meet a Mrs. Capaccio of the Orchard Park Realty at the Jones property on Summer Street, Watertown. Mrs. Sparks, Mrs. Harris, and Mrs. Capaccio were shown through the apartment by Mrs. Jones. Mrs. Harris advised Mrs. Jones that she was interested in renting it. Mrs. Jones declined to rent to Mrs. Harris, saying that she preferred to rent to an older couple and, also, that she would prefer to have a tenant that would occupy the premises for more than one year.

The next day, at the request of the Watertown Fair Housing Committee, Michael T. Shipley, a twenty-seven year old graduate student at the Massachusetts Institute of Technology, who is a member of the white race and who is endowed with an abnormally long hair-do and a large droopy moustache, went to the Jones property with a representative of the Orchard Park Realty. He was shown the apartment by Mrs. Jones and he told her that he and his wife are childless, that he would like to rent the apartment, that he is presently a graduate student at M. I. T., and that the course in which he is enrolled would be of three or four years duration. He was not asked to make nor did he make any commitment to stay in the apartment for three or four years. He told Mrs. Jones that he did not wish to finalize the renting of the apartment until his wife could examine it the following day, but he made a $10.00 deposit for which he received a receipt. Mr. Shipley was, in fact, not interested in the apartment and was acting solely as a "tester" for the Watertown Fair Housing Committee, which was seeking to determine if Mrs. Jones would rent the apartment to a white person who was of the same approximate age, who was in the same family situation as the Harrises, namely, a childless couple, and who recited an interest in an apartment near public transportation, in the same dollar bracket as sought by Mrs. Harris.

■ I find that Mrs. Harris was not accompanied by her husband when she went to the apartment seeking to rent it because he was then still on active duty with the United States Marines at Camp LeJeune, North Carolina. I further find that her husband, Roland A. Harris, was a Sergeant in the United States Marine Corps, that he is presently twenty-three years of age, that he served honorably in Vietnam for a period of thirteen months, during which time he was awarded both the Purple Heart and the Bronze Star. I judicially notice that the Bronze Star is an award given for heroism in combat.

 I find that the refusal of Mrs. Jones to rent the apartment to Mrs. Harris and her husband, who was discharged from the Marine Corps last week, was purely and solely because the Harrises are members of the black race,[*] and I rule that the refusal to rent the apartment to Mrs. Harris is a clear-cut and unequivocal violation of the plain terms of 42 U.S.C.A. § 1982 which provides:

> "All citizens of the United States shall have the same right, in every State and Territory as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

The Supreme Court of the United States, as recently as June 17, 1968 has clearly and categorically stated in Jones v. Alfred H. Mayer Company, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 that 42 U.S.C.A. § 1982 is still in full force and effect, and the Court specifically ruled, with reference to any possible narrowing effect that the Fair Housing Title of the Civil Rights Act of 1968 might have upon the scope or operation of Section 1982 (at p. 416, 88 S.Ct. at p. 2191):

> "Its enactment had no effect upon § 1982."

In the same case the Supreme Court observed (at p. 437, 88 S.Ct. at p. 2202):

> "The fact that the statute lay partially dormant for many years cannot be held to diminish its force today."

and the Court further observed (at p. 442, 88 S.Ct. at p. 2205):

> "And when racial discrimination herds men into ghettos and makes their ability to buy property turn on the color of their skin, then it too is a relic of slavery."

The Supreme Court left no doubt that Section 1982 may be enforced by injunction (at p. 414, n. 13, 88 S.Ct. at p. 2190):

> "The fact that 42 U.S.C. § 1982 is couched in declaratory terms and provides no explicit method of enforcement does not, of course, prevent a federal court from fashioning an effective equitable remedy."

 The Supreme Court, however, expressly left open any ruling on whether or not damages may be awarded for violation of Section 1982. Plaintiff seeks to recover herein the difference between $14.00 a day which she is now paying for housing in a rooming house in Cambridge, and the $125.00 a month rental price of the apartment in Watertown. In view of the fact that only a week is involved and the damages would be less than $50.00, I dismiss the claim for damages both as *de minimis* and as not proved by a fair preponderance of the evidence.

An injunction will enter directing Mr. and Mrs. Jonathan Jones to execute a standard form one-year lease to Mr. and Mrs. Roland A. Harris, effective five days from the date of the filing of this opinion.

---

[*] Mrs. Jones, although present at the trial, failed to testify as to the reason or reasons she refused to rent to the Harrises.