Valerie **WILLIAMSON** et al., Plaintiffs,

v.

**HAMPTON MANAGEMENT COMPANY**
et al., Defendants.

No. 72 C 630.

United States District Court,
N. D. Illinois, E. D.

March 27, 1972.

F. Willis Caruso, Ronald S. Samuels, James M. Rosenbaum, Chicago, Ill., for plaintiffs.

Harry A. Bahrmasel, David H. Brill, Charles D. Connor, Chicago, Ill., for defendants.

## MEMORANDUM OF DECISION

TONE, District Judge.

This action under the Civil Rights Act (42 U.S.C. § 1982) raises the issue of whether defendants refused to lease or consent to the sublease of an apartment to two of the plaintiffs because of race.

After commencement of the hearing on plaintiffs' application for a preliminary injunction, that hearing and the trial on the merits were consolidated pursuant to Rule 65(a) (2) of the Federal Rules of Civil Procedure.

Plaintiff Bonita Nichols, who is white, was the lessee of the subject apartment from defendant Hampton Management Company under a lease that was not to expire until August 31, 1972. When the young woman with whom she shared the apartment moved out because of marriage plans, plaintiff Nichols decided to sublease the apartment. Because the lease required the lessor's consent to a sublease, she reported her decision to Hampton Management's agents in the office of the building, who were defendants Jewel Valerio, desk clerk, and Nora Sudol, assistant manager. Defendant Valerio, in the presence of defendant Sudol, told plaintiff Nichols that a sublease rather than a new lease would have to be executed and that it was the lessee's responsibility to find a sublessee. She also said that plaintiff Nichols should advertise the apartment, find as many applicants as possible, have them fill out applications on forms which were handed to plaintiff Nichols and then bring the completed applications back to the office of the building, where the building agents and plaintiff Nichols would jointly make a selection from those who had applied. The application form stated that it was to be accompanied by a security deposit for one month's rent.

A series of newspaper advertisements placed by plaintiff Nichols in late February, 1972, brought several responses, one from a single man named Daryl Harris, who was soon to be married, one from a married couple, and one from plaintiff Valerie Williamson on behalf of herself and plaintiff Joyce Tucker, both single women and both black. All filled out application forms, but plaintiffs Williamson and Tucker were the only applicants to tender a security deposit check with their application. The married couple lost interest early. Harris,

after several telephone calls to him by both plaintiff Nichols and defendant Valerio in an effort to ascertain whether he wanted the apartment, finally, on March 3, gave a negative answer to plaintiff Nichols. She immediately reported this development to plaintiff Williamson and then called defendant Valerio and told her of Harris' refusal and her report of that fact to defendant Williamson and said plaintiffs would be over that evening to sign the papers. Thereupon defendant Valerio stated that the apartment was rented to someone else, who would move in April 1. Since plaintiff Nichols wanted someone to take over her apartment immediately, she protested, and this litigation ensued. The persons to whom defendants say the apartment has been rented are existing tenants of the building who had been scheduled to move on May 1 into another apartment similar to the one in issue.

■■ The Civil Rights Act of 1866 (42 U.S.C. § 1982) provides that all citizens have "the same right . . . as is enjoyed by white citizens . . . to . . . lease . . . real property." The Civil Rights Act of 1968 (42 U.S.C. § 3604(a)) makes it unlawful "To refuse to . . . rent after the making of a bona fide offer, . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, or national origin." Race need not be the sole reason for the decision to refuse if it is an element in that decision. Smith v. Adler Realty Co., 436 F.2d 344, 349–350 (7th Cir. 1971). Finally, a white plaintiff upon whom a discrimination against black persons has an impact may bring an action under the statute. Walker v. Pointer, 304 F.Supp. 56 (N.D.Tex.1969).

Plaintiffs Williamson and Tucker made a bona fide offer. Plaintiffs contend that the refusal to accept it was because of race. Defendants contend that the refusal was because Hampton Management has a policy against renting to two single women and also because the incomes of the plaintiff applicants were inadequate to enable them to afford the

$265 monthly rent. I find for the plaintiffs.

The conduct of defendants is inconsistent with their present assertion that their refusal was based on a policy against renting to two single women. Defendants rely upon a memorandum in Hampton Management's file dated October 5, 1971, written by a representative of Hampton Management's New York office, which states:

"Please be advised that at no time in the future are we to rent to two girls living in one apartment or two men together or to anybody on welfare.

"Such renting reduces the credibility of the building."

Defendants Sudol and Valerio gave a reason different from "credibility of the building," whatever that may mean, for the policy as to two single women. They testified that the reason for the policy is the likelihood that one of the women will marry and the other will not want to stay in the apartment alone, with resulting inconvenience to the lessor. I assume a lessor could lawfully adopt and enforce such a policy, if it is enforced without regard to race. But defendants' conduct was inconsistent with any intent to enforce the policy in a non-discriminatory way or indeed to enforce the policy at all except against plaintiffs. Defendant Valerio, when first advised that plaintiff Williamson was single and intended to occupy the apartment with plaintiff Tucker, said the latter would also have to fill out an application. Nothing was said about the alleged policy then or at any time during the discussions among the parties before or at the time of the refusal. Even after the refusal, plaintiff Williamson was told that the applications were "good" and that defendants would keep them on file.

Subsequent to those events, a young white woman named Karen Murphy, who is an employee of the Leadership Council, an organization working in the field of civil rights, went to Hampton Management's offices and stated she was answering a newspaper advertisement of an apartment for rent. She told several representatives of Hampton Management, including defendant Valerio, that she was single and was interested in renting the advertised apartment with a girl friend. She was shown the apartment which the existing tenants who were rerouted to the subject apartment had been scheduled to move into on May 1. Defendant Valerio gave Karen Murphy application forms for herself and her girl friend and asked for a security deposit. It would thus appear that the defendants arranged to rent the subject apartment to the tenants who were planning to move into the other similar apartment, and then began looking for tenants for the other similar apartment and were quite willing to consider the applications of two single white women for that apartment. The fact that Karen Murphy was an employee of the Leadership Council and visited defendants for investigative and evidence-gathering purposes does not impair her credibility as a witness. The only reasonable inference from the evidence, even apart from testimony not heretofore mentioned that defendant Valerio said defendants did not want blacks, is that race and not the supposed policy against renting to two single women was the reason for the refusal to rent.

The contention that defendants were motivated in their refusal by a belief that the incomes of plaintiffs Williamson and Tucker were inadequate to enable them to afford the $265 monthly rent is not plausible. Plaintiff Williamson's salary is $140 per week and plaintiff Tucker's is $724 per month. Together their annual gross incomes exceed $15,000 and are in the highest income category of the multiple-choice question concerning the applicant's income on the Hampton Management rental application form, i. e., "Income in excess of . . . $15,000." It is not reasonable to infer that the black plaintiffs' incomes were the reason for the refusal to lease to them.

It seems to have been implied by defendants' counsel in questioning witnesses and by defendant Valerio's disclaimer of authority during her testimony that she lacked authority to act for Hampton Management. She was admittedly an agent of that defendant, however, and was held out as such to tenants and prospective tenants, to whom no limitations on her authority were communicated. What she said and did was with the full knowledge of, and for the most part in the presence of, defendant Sudol, who had the authority to approve or disapprove leases. The other defendants are chargeable with her acts and she participated in the violations found to have occurred.

Pursuant to the authority of the Civil Rights Act of 1968 (42 U.S.C. § 3612(c)), the following relief will be granted:

(1) A declaratory judgment will be entered to the effect that plaintiffs Valerie Williamson and Joyce Tucker are entitled to rent the subject apartment.

(2) Defendant Hampton Management Company will be directed to tender to those plaintiffs a lease on that apartment or an equivalent apartment in the same building, commencing immediately and expiring on August 31, 1972, at a monthly rental of $265 per month, with the right and privilege of those plaintiffs to renew the lease for such period of time and at such rental as equivalent apartments are offered to white tenants. The defendants will be enjoined from interfering with those plaintiffs' rights to enjoy peaceably the use of the premises during the time the lease and any renewals thereof are in effect.

(3) Plaintiff Bonita Nichols will recover the security deposit she made in connection with her lease and have returned to her the check in the amount of $57.50 which she delivered to defendants as a supposed cancellation charge. There is no warrant for such a charge in the lease. Defendant Hampton Management having had the opportunity to receive rental on the apartment without interruption and having lost that opportunity through its own wrongdoing, it would be inequitable to allow it to retain either the Nichols security deposit or the Nichols check. Defendant Hampton Management will also deliver to plaintiff Bonita Nichols evidence of the cancellation of her lease.

(4) Plaintiffs Valerie Williamson and Joyce Tucker will each recover from the defendants the sum of $500 as punitive damages.

(5) Plaintiffs will recover as attorneys' fees the sum of $750, which is reasonable compensation for preparation of the complaint, trial preparation, three days of trial and related services.

Counsel for the plaintiffs is directed to present an appropriate form of judgment within one day. This opinion will stand as findings of fact and conclusions of law, as authorized by Rule 52(a) of the Federal Rules of Civil Procedure.