Scott **WRIGHT** and Blanche Wright,
his wife, Plaintiffs,

v.

**KAINE REALTY** and Gladys Hopkins,
Defendants.

No. 72 C 37.

United States District Court,
N. D. Illinois, E. D.

Nov. 28, 1972.

F. Willis Caruso, Robert Schwemm, Chicago, Ill., for plaintiffs.

Bernard Kaplan, Skokie, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter is now before the Court upon defendants' motion to determine whether the Court's power to award punitive damages for housing discrimination under 42 U.S.C. § 1982 has been preempted by the specific damage limitation contained in 42 U.S.C. § 3612(c).

Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq., provides a detailed method for the elimination of discrimination in the sale and leasing of housing based upon race, color, religion and national origin. Section 1982 of the Civil Rights Act of 1866, 42 U.S.C. § 1982, broadly declares that:

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase,

lease, sell, hold, and convey real and personal property."

In Jones v. Alfred H. Meyer Co., 392 U.S. 409, 413, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), § 1982 was held to provide a private right of action for equitable relief to victims of private racial discrimination in the sale and leasing of housing. This right of action was held in Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 235, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), to encompass the remedy of damages as well. It has also been held that punitive damages may be awarded in § 1982 actions. Lee v. Southern Home Sites Corp., 429 F.2d 290, 294 (5th Cir. 1970); Wills v. Trans World Airlines, Inc., 200 F.Supp. 360, 367 (S.D.Cal. 1961). Thus, the victim of racial discrimination in private housing has a claim under both the 1866 Act and Title VIII of the 1968 Act.

Plaintiffs have alleged that defendants refused, on the basis of racial discrimination, to sell or show certain homes which were available for sale by them. This action is claimed to violate 42 U.S.C. §§ 1982 and 3604. For relief, plaintiffs request, *inter alia*, $30,000 in punitive damages. By their motion, defendants assert that the $1000 limit on such damages in 42 U.S.C. § 3612(c) preempts any larger award that might otherwise be made under § 3604.

Normally the "cardinal principle of statutory construction"—that the more specific controls over the general, *e. g.*, Central Commercial Co. v. C. I. R., 337 F.2d 387, 389 (7th Cir. 1964)—would compel the result for which defendants contend. In *Jones, supra*, 392 U.S. at 416, 88 S.Ct. at 2191, however, the Supreme Court made the flat statement that "[Title VIII's] enactment had no effect upon § 1982."

It thus appears to this Court that *Sullivan, supra*, must be read to say that in § 1982 actions, the courts are given discretionary power to grant such relief as they find necessary and appropriate, notwithstanding more recent civil rights acts and their limits on relief which are also applicable. Based upon *Jones* and *Sullivan* and the cases cited above holding that punitive damages may be awarded in § 1982 actions— which holdings appear to be fully supported by *Jones* and *Sullivan*—defendants' motion, which is, in effect, a motion to strike, will be denied.

Plaintiffs further contend in their brief that they may be awarded punitive damages without proving that defendants acted wilfully and wantonly, since this established requirement does not appear in § 3612(c). This contention is untenable. If accepted, it would lead to the equally untenable conclusion that actual damages can be recovered without proof thereof because the act does not specifically require it. Punitive damages are not favored in the law and, in the view of this Court, are to be awarded only with caution and within narrow limits. *Aladdin Mfg. Co. v. Mantle Lamp Co.*, 116 F.2d 708, 717 (7th Cir. 1941). In this particular case, although this Court's power to award such damages in an amount in excess of $1000 has not been preempted, the limitation in § 3612(c) will naturally be a consideration in determining the amount of any award which may be called for. *Cf.* Lee v. Southern Home Sites Corp., 444 F.2d 143, 146 (5th Cir. 1971); Waters v. Wisconsin Steel Workers of International Harvester Co., 427 F.2d 476, 487 (7th Cir. 1970).

It is so ordered.