James L. **JOHNSON** and Sharon Johnson, his wife, Plaintiffs,

v.

Joseph **ZAREMBA** and Georgia Zaremba, his wife, Defendants.

No. 73 C 1144.

United States District Court,
N. D. Illinois, E. D.

Aug. 23, 1973.

F. Willis Caruso, Robert G. Schwemm, Chicago, Ill., for plaintiffs.

Jason E. Bellows, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

DECKER, District Judge.

This is an action brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1982, seeking a declaratory judgment, temporary restraining order, and compensatory damages of $20,000 for an alleged act of racial discrimination by the defendants in their refusal to show the plaintiffs an apartment. Jurisdiction is based upon 28 U.S.C. §§ 1343(4) and 2201. The matter is presently before the court on the defendants' motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint for failure to state a claim upon which relief can be granted.

The defendants, Joseph Zaremba and his wife, are the owners of the beneficial interest in real estate located at 2064 North 18th Avenue, Melrose Park, Illinois. The property consists of one building which, according to the defendants' affidavit, contains four living quarters "occupied or intended to be occupied by no more than four families living independently of each other." See 42 U.S.C. § 3603(b)(2), *infra*. The defendants occupy one of the units as their residence. The plaintiffs, a black couple who reside in Chicago, allege that, on or about April 25, 1973, the defendants refused to show them one of the units in said apartment building because of the plaintiffs' race. In further support of their suit, the plaintiffs assert that they have been ready, willing, and able to pay the rent requested by the defendants.

The Civil Rights Act of 1866 provides, without exception, that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.

The defendants' motion to dismiss is based upon Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.* also known as the Fair Housing Act, which makes it unlawful, *inter alia,* "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, or national origin." 42 U.S.C. § 3604(a).[1] The 1968 Act exempts from the foregoing proscription "rooms or units in dwellings containing living quarters occupied or intended to be occupied by no more than four families living independently of each other, if the owner actually maintains and occupies one of such living quarters as his residence." *Id.* § 3603(b)(2). The affidavit submitted by the defendants clearly brings their apartment building within this exemption of Title VIII. Although the plaintiffs have based their suit exclusively upon Section 1982, the defendants argue that the two laws are "in pari materia and are to be taken together as if they were one law."

Thus, the question presented in this motion is whether the foregoing exception of Title VIII of the 1968 Civil Rights Act applies to suits brought under Section 1982.

In Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), the Court held that Section 1982 provided a private right of action for equitable relief to victims of private racial discrimination in the sale and rental of housing. In the course of its opinion, the Court considered the effect which the passage of the 1968 Act had upon the post-Civil War statute and concluded that "[i]ts enactment had no effect upon § 1982." *Id.* at 416, 88 S.Ct. at 2191. The following passage of the opinion is particularly enlightening upon the question involved in the instant motion:

"At oral argument, the Attorney General expressed the view that, if Congress [enacted Title VIII of the Civil Rights Act, which was then pending before it], § 1982 would not be affected in any way but 'would stand independently.' That is, of course, correct. The Civil Rights Act of 1968 does not mention 42 U.S.C. § 1982, and *we cannot assume that Congress intended to effect any change, either substantive or procedural, in the prior statute.*" (392 U.S. at 416–417 n. 20, 88 S.Ct. at 2191) (Emphasis added.)

The congressional hearings and debates on the 1968 Act demonstrate that Congress was aware of Section 1982 and that it might soon be held to reach private housing discrimination. See *id.* 415–416 nn. 16–19, 88 S.Ct. 2186. Nonetheless, no language in the Act indicates an intent to preempt or amend Section 1982.[2] Nor has the Supreme Court retreated from its position in Jones. In Sullivan v. Little Hunting Park, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), the Court noted with approval its prior determination that Title VIII "in no way impaired the sanction of § 1982," *id.,* at 237, 90 S.Ct. at 405, and rejected the proposition that the public accommodations provision of the Civil Rights Act of 1964 superseded the provisions of the 1866 Civil Rights Act, relying in part upon its analysis in *Jones.* See *id.* at 237–238, 90 S.Ct. 400.

1. Under the 1968 Act, it is also unlawful "[t]o·discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, or national origin." 42 U.S.C. § 3604(b).

2. On the contrary, and as noted by the Court in *Jones, supra,* 392 U.S. at 417 n. 20, 88 S. Ct. at 2191, the 1968 Act provides that "[n]othing in [Title VIII] shall be construed to invalidate or limit any law of . . . any . . . jurisdiction in which this title shall be effective, that grants, guarantees, or protects the same rights as are granted by this title . . . " 42 U.S.C. § 3615. Although the section of the Act in which this language appears is directed toward the states, it may reasonably be interpreted to refer to other federal laws.

The defendants rely upon United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40 (1940), and Hunter v. Erickson, 393 U.S. 385, 89 S.Ct. 557, 21 L.Ed.2d 616 (1968), for the proposition that Section 1982 and the 1968 Act are to be read together and, consequently, that the exemptions in the latter apply to the former. *Stewart* involved the Revenue Act of 1916, 39 Stat. 756, and the Farm Loan Act of 1916, 39 Stat. 360. In deciding that those two statutes were *in pari materia,* the Court noted that the laws were enacted within two months of each other at the same session of Congress, and dealt with "precisely the same subject matter." 311 U.S. at 64, 61 S.Ct. 102. Such is clearly not the situation in the instant suit. In addition to the obvious remoteness in time between the 1866 and 1968 Civil Rights Acts, the statutes contrast substantively. The Acts differ, for example, in terms of dwellings and discrimination covered, see 42 U.S.C. § 3604, and the applicable statute of limitations, compare Baker v. F & F Investment, 420 F.2d 1191 (7th Cir. 1970), with 42 U.S.C. § 3610(b). Further, unlike Title VIII, see 42 U.S.C. §§ 3608–3611, Section 1982 does not set forth a comprehensive scheme of enforcement and remedies, specifically prohibit advertising or other representations that indicate discriminatory preferences, see 42 U.S.C. §§ 3604(c), (d), (e), or expressly proscribe discrimination in financing arrangements, see 42 U.S.C. § 3605, or in the provision of brokerage services, see 42 U.S.C. § 3606. Section 1982 is not a "comprehensive open housing law." Jones v. Alfred H. Mayer Co., *supra,* 392 U.S. at 413, 88 S.Ct. 2186. Under these circumstances, *Stewart* cannot be read as precedent for treating Section 1982 and Title VIII as one law.

The question in *Hunter* was whether the City of Akron, Ohio, had denied the equal protection of its laws to a black citizen by amending its charter to prevent the city council from implementing any ordinance dealing with racial, religious, or ancestral discrimination in housing without the approval of the majority of voters in Akron. In the course of its opinion, the Court stated:

"The 1968 Civil Rights Act specifically preserves and defers to local fair housing laws, and the 1866 Civil Rights Act considered in *Jones* should be read together with the later statute on the same subject . . . so as not to pre-empt the local legislation which the far more detailed Act of 1968 so explicitly preserves." (393 U.S. at 388, 89 S.Ct. at 559.)

Thus, it appears that *Hunter* is precedent for treating these statutes as an integral scheme only on the narrow topic of the preservation of local housing laws. In addition, the Court's subsequent statements in *Little Hunting Park, supra,* substantially negate the defendants' interpretation of *Hunter.*

Moreover, lower federal courts have consistently interpreted *Jones* to have established that the ban against racial discrimination which exists under Section 1982 was not modified by the passage of Title VIII. See, *e. g.,* Lee v. Southern Home Sites Corp., 444 F.2d 143, 146 (5th Cir. 1971); Wright v. Kaine Realty, 352 F.Supp. 222, 223 (N.D.Ill.1972); Young v. AAA Realty Co. of Greensboro, Inc., 350 F.Supp. 1382, 1387 (M.D.N.C.1972); Fred v. Kokinokos, 347 F.Supp. 942, 944 (E.D.N.Y. 1972); Crim v. Glover, 338 F.Supp. 823, 826 (S.D.Ohio 1972); Brown v. Ballas, 331 F.Supp. 1033, 1037 (N.D.Texas 1971); McLaurin v. Brusturis, 320 F.Supp. 190, 191 (E.D.Wis.1970); Bush v. Kaim, 297 F.Supp. 151, 161 (N.D.Ohio 1969); Harris v. Jones, 296 F.Supp. 1082, 1084 (D.Mass.1969).

In Fred v. Kokinokos, *supra,* the plaintiffs brought suit under both Title VIII and Section 1982. The court dismissed the Title VIII action on the ground that the defendants qualified for the exemption contained in 42 U.S.C. § 3603(b)(2), but allowed the suit to proceed under Section 1982. Similarly, in Bush v. Kaim, *supra,* the court found that the defendants were within an ex-

emption to Title VIII, but held that Section 1982 had been violated by the same defendants.

Thus, although the exemption in 42 U.S.C. § 3603(b)(2), *supra,* would require the dismissal of the instant suit if it had been brought under Title VIII, that exemption is inapplicable to a suit based upon Section 1982. These statutes are independent and concurrent; the victim of racial discrimination in the rental of private housing has a claim under both Section 1982 and Title VIII.

Accordingly, the defendants' motion to dismiss the complaint is denied.