Marc Aurele **JEANTY** and Maxence Jeanty, Plaintiffs-Appellants,

v.

McKEY & POAGUE, INC., et al., Defendants-Appellees.

No. 73-1634.

United States Court of Appeals, Seventh Circuit.

Argued April 9, 1974.

Decided May 23, 1974.

**1120**

Raymond H. Groble, Jr., Joseph H. Taylor, Sr., Chicago, Ill., for defendants-appellees.

Before SWYGERT, Chief Judge, SPRECHER, Circuit Judge, and NOLAND,* District Judge.

NOLAND, District Judge.

This action under Title VIII of the Civil Rights Act of 1968 (42 U.S.C. § 3601 et seq.) arises from plaintiffs' assertions that the defendants refused to rent an apartment to them on the basis of their race. After trial the District Court dismissed the complaint as to defendants McKey and Poague, Inc., and its employees, defendants George M. Hiles and H. M. Migely. The Court entered judgment against defendant Presbitero & Sons, Inc., awarding $701.64 in damages, costs and attorneys' fees.

Plaintiffs contend that the Trial Court erred in dismissing the defendant rental management company and its employees and in awarding inadequate damages and attorneys' fees.

 With respect to the plaintiffs' first contention, the Trial Court found that the plaintiffs made application to lease the premises in question and were refused on the ground that the defendant owner would no longer rent to single men. The Court found further that the reason given was a subterfuge and concluded that the refusal to rent to the plaintiffs was racially discriminatory. On the basis of these findings the dismissal of the complaint as to McKey & Poague and its employees, Presbitero's exclusive rental agents, cannot be sustained. Though the management agreement between McKey and Poague and Presbitero states that "Leases and tenants shall be approved by the owner," the evidence disclosed that, whoever decided not to rent to the plaintiffs, the discriminatory acts alleged were performed by McKey & Poague's employees. It is well established that agents will be liable for their own unlawful conduct,

Douglas C. Nohlgren, Robert G. Schwemm, Chicago, Ill., for plaintiffs-appellants.

---

* District Judge James E. Noland of the Southern District of Indiana is sitting by designation.

even where their actions were at the behest of the principal. Sanborn v. Wagner, 354 F.Supp. 291, 295. (D.Md.1973); Young v. AAA Realty Co. of Greensboro, Inc., 350 F.Supp. 1382, 1387 (M. D.N.Car.1972); Williamson v. Hampton Management Company, 339 F.Supp. 1146, 1149 (N.D.Ill.1972).

■ Plaintiffs next contend that the Trial Court erred in limiting its award of compensatory damages to $100.00, representing plaintiffs' out-of-pocket expenses. It appears from the District Court's opinion that the Court considered only out-of-pocket costs in determining the amount of compensatory damages to be awarded. However, recovery may also be had for emotional distress and humiliation, Steele v. Title Realty Company, 478 F.2d 380, 384 (10th Cir. 1973); Smith v. Sol D. Adler Realty Company, 436 F.2d 344, 351 (7th Cir. 1970) and the Court therefore should have considered this element in arriving at the damage award figure.

■ The plaintiffs next contend that the Trial Court erred in refusing to award punitive damages. In making this determination the Court appears to have considered solely the personality of plaintiff Marc Aurele Jeanty as it appeared to the Trial Judge during that plaintiff's testimony. Upon remand, the appropriate consideration in deciding the issue of punitive damages is the motive and attitude of the defendants in refusing the apartment in question to the plaintiffs. Thus, while punitive damages are not to be allowed for every Title VIII violation, in each case the Court should consider whether or not the defendants acted wantonly and wilfully, Wright v. Kaine Realty, 352 F. Supp. 222, 223 (N.D.Ill.1972) or were motivated in their actions by ill will, malice, or a desire to injure the plaintiffs. Steele v. Title Realty Company, *supra* at 384.

■ Finally, plaintiffs assert that the Trial Court erred in limiting attor-

neys' fees awarded to $400. In view of the substantial time expenditure involved by plaintiffs' highly qualified counsel in bringing this action and the several hearings involved, we feel that the question of attorneys' fees should be reconsidered.

■ Plaintiffs have also requested in their brief that they be awarded attorney fees for the appeal.[1] The court has the authority under 42 U.S.C. § 3612(c) to award attorney fees when the plaintiff, as here, is financially unable to assume them. Steele v. Title Realty Company, 478 F.2d at 385. The general policy behind the award of attorney fees was set forth by the Supreme Court in Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L. Ed.2d 1263 (1968). Although that case was under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(a), the language is equally applicable to a Title VIII action:

> When the Civil Rights Act of 1964 was passed, it was evident that enforcement would prove difficult and that the Nation would have to rely in part upon private litigation as a means of securing broad compliance with the law.
>
> \* \* \* \* \* \*
>
> If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Congress therefore enacted the provision for counsel fees—not simply to penalize litigants who deliberately advance arguments they know to be untenable but, more broadly, to encourage individuals injured by racial discrimination to seek judicial relief under Title II, 390 U.S. at 401–02, 88 S. Ct. 966.

We accordingly award attorney fees for this appeal to the plaintiff in the sum of $1,000.

---

1. The defendant did not oppose this request.

1122

The judgment appealed from is therefore reversed and the cause remanded under terms of Circuit Rule 23 for further proceedings consistent with this order. Defendants are to bear the costs and attorney fees of this appeal except for the cost of the appendix which shall be borne by the plaintiffs.

Reversed and remanded.