**William MORRIS and Barbara Morris,
Plaintiffs-Appellants,**

v.

**Norman R. CIZEK and Florence Cizek,
Defendants-Appellees.**

No. 73–2047.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 12, 1974.

Decided Oct. 9, 1974.

Robert G. Schwemm, Patricia Banks, Chicago, Ill., for plaintiffs-appellants.

John P. Crowley, Chicago, Ill., for defendants-appellees.

Before SWYGERT, Chief Judge, and CUMMINGS and PELL, Circuit Judges.

PER CURIAM.

This complaint was filed by a black couple maintaining that they were denied a lease of an apartment in Melrose Park, Illinois, because of their race. The complaint was based on Title VIII of the Civil Rights Act of 1968 (42 U.S.C. § 3604) and on Section 1982 of the 1866 Civil Rights Act (42 U.S.C. § 1982).

The building in question contains two units, one of which is occupied by the defendant owners. The district court granted the defendants' motion to dismiss on the ground that this matter fell within the so-called Mrs. Murphy exemption in the 1968 statute reading as follows:

"Nothing in section 3604 of this title (other than subsection (c)) shall apply to—* * * (2) rooms or units in dwellings containing living quarters occupied or intended to be occupied by no more than four families living independently of each other, if the owner actually maintains and occupies one of such living quarters as his residence" (42 U.S.C. § 3603(b)(2)).

The district court held that the exemption in the later statute "containing specific terms must prevail over the general language of the other [1866] statute." Ignoring all the contrary precedents, the court reasoned that to apply the earlier statute would render the exemption section of the later statute meaningless.

Plaintiffs no longer rely on the Civil Rights Act of 1968. However, because the district court believed that the above-quoted exemption in the 1968 Act limited the application of 42 U.S.C. § 1982, that court denied plaintiffs' motion to file an amended complaint eliminating the 42 U.S.C. § 3604 claim and proceeding solely on 42 U.S.C. § 1982.

We first note that the exemption language of the 1968 Act itself specifies only that the provisions of 42 U.S.C. § 3604 shall not apply to the Mrs. Murphy situation. No positive right is conferred upon such owners to discriminate along racial lines in leasing their units. Thus we do not have a situation like that in Reitman v. Mulkey, 387 U.S. 369, 87 S. Ct. 1627, 18 L.Ed.2d 830, where an affirmative conferral of a right to discriminate was held to have impliedly repealed two prior fair housing laws. Rather, the language in the exemption before us specifically limits only 42 U.S.C. § 3604 of the 1968 Civil Rights Act.

For this reason and the reasons given in Judge Decker's well-reasoned opinion in Johnson v. Zaremba, 381 F.Supp. 165 (N.D.Ill.1973), we disagree with the court below that the exemption in question is meaningless unless it limits 42 U.S.C. § 1982, and we hold that the Section 3603(b)(2) exemption is inapplicable to a claim based on Section 1982 of the Civil Rights Act of 1866. Therefore, the judgment is reversed and the cause is remanded with directions to grant leave to plaintiffs to file an amended complaint.