**In the Matter of Connie SCHWENN, Debtor.**

**Christine ROBERSON, Plaintiff,**

v.

**Connie SCHWENN, Defendant.**

**Bankruptcy No. 83–04500.**
**Adv. No. 84–0073.**

United States Bankruptcy Court, E.D. Wisconsin.

Nov. 13, 1984.

William H. Lynch, Milwaukee, Wis., for plaintiff.

Lawrence K. Gardner, Milwaukee, Wis., for defendant.

### C.N. CLEVERT, Bankruptcy Judge.

This suit was filed pursuant to 11 U.S.C. § 523(a)(6) to determine the dischargeability of a State Circuit Court judgment for punitive damages resulting from a housing discrimination case. The plaintiff, relying almost exclusively upon the jury's special verdict, is now asking this court to enter summary judgment. Therefore, the narrow question to be decided is whether the jury determined that the defendant willfully and maliciously injured the plaintiff.

### I

The plaintiff, Christine Roberson (Roberson), seeks to recover a judgment debt for punitive damages of $1,000, plus interest fees arising from a September 13, 1983, jury verdict in a housing discrimination case brought in the Milwaukee County Circuit Court. Roberson also seeks recovery of costs and attorney's fees incurred in the present action.

In the prior action, Roberson, who is black, sued Connie Schwenn (Schwenn) and Harold B. Stein for violating WIS.STAT. § 101.22(2)[1] as well as 42 U.S.C. §§ 1982[2] and 3604[3]. Although the State trial record was not submitted for this court's consideration, Roberson's attorney filed an affidavit summarizing the trial and reproducing three special verdict questions along with the jury's answers.

According to the affidavit, Schwenn was the resident manager of an apartment complex owned by Harold B. Stein located at 4232 West Highland Boulevard, Milwaukee, Wisconsin. The testimony, during the Circuit Court trial indicated that Roberson talked only with Schwenn about renting an apartment in the complex and that she had no direct contact with Stein. By special verdict, the jury answered "Yes" to the following questions:

QUESTION NO. 1.

From January 18, 1982, until February 10, 1982, did either defendant refuse to rent an apartment in the apartment complex located at 4232 West Highland Boulevard, Milwaukee, to plaintiff after plaintiff made a bonified [sic] offer to rent it because of her race?

QUESTION NO. 2.

Regardless of how you have answered Question 1, answer this question: from January 18, 1982, until February 10, 1982, did either defendant represent to plaintiff because of her race that no apartment in the complex was available for inspection or rental when apartments were in fact so available?

QUESTION NO. 3.

1. (2) DISCRIMINATION PROHIBITED. It is unlawful for any person to discriminate:

(a) By refusing to sell, lease, finance or contract to construct housing or by refusing to discuss the terms thereof.

(b) By refusing to permit inspection or exacting different or more stringent price, terms or conditions for the sale, lease, financing or rental of housing.

Note section 101.22 also defines discrimination and provides for causes of action as follows:

(1m)(b) "Discriminate" and "discrimination" mean to segregate, separate, exclude or treat any person or class of persons unequally because of sex, race, color, handicap, sexual orientation as defined in s. 111.32(13m), religion, national origin, sex or marital status of the person maintaining a household, lawful source of income, age or ancestry. It is intended that the factors set forth herein shall be the sole bases for prohibiting discrimination.

(7) PRIVATE CIVIL ACTIONS. (a) A person alleging a violation of this section may bring a civil action for appropriate injunctive relief, for damages including punitive damages, and for court costs and reasonable attorney fees in the case of a prevailing plaintiff.

2. All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property.

3. [I]t shall be unlawful

"(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, or national origin."

Regardless of how you answered Questions 1 and 2, answer this question. From January 18, 1982, until February 10, 1982, did either defendant refuse to discuss with the plaintiff the terms of a lease or refuse to negotiate for the rental of an apartment in the apartment complex located at 4232 West Highland Boulevard, Milwaukee, because of her race? QUESTION NO. 5.

[I]f you answered Questions 1, 2 or 3 "yes", then answer this question. Did the defendant, Connie Schwenn, act either maliciously or in a wanton, willful or reckless disregard of the plaintiff's rights?

On this basis, the jury returned a verdict against Schwenn for $1,000 punitive damages and against Schwenn and Stein for $6,500 compensatory damages. The judgment against Schwenn and Stein also included an award to the plaintiff of $10,200 as reasonable costs and attorneys fees. All but the $1,000 due from Schwenn has been paid by Stein or his insurer.

## II

█ A debt caused by the debtor's willful and malicious injury to another is excepted from discharge by 11 U.S.C. § 523(a)(6). The conjunctive use of the words willful and malicious requires that both elements be present in order for a debt to be declared nondischargeable.[4] As Judge Shapiro observed in *First National Bank of Neenah v. Grace (In re Grace)*, 22 B.R. 653, 655–6 (Bankr.E.D.Wis.1982),

Willful means deliberate or intentional, as contrasted with inadvertent or negligent, and it no longer includes the looser standard of "reckless disregard" as adopted in the pre Code decision of *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904)....

The Supreme Court, in *Tinker*, stated that "malice" for purposes of the Bankruptcy Act, was not defined in terms of hatred, ill will or spite, but meant implied or constructive malice resulting from a wrongful act done intentionally and without justification or excuse.... [C]ourts ... have concluded that only the *Tinker* definition of "willful" (namely, reckless disregard) was overruled by virtue of the enactment of § 523(a)(6), but that the pre-Code *Tinker* common law definition of "malicious", (namely, wrongful and without just cause or excuse) was left intact.

The punitive damages award in this case was not necessarily predicated upon a finding of malicious and willful injury. The key question asked of the jury during the debtor's trial was: "Did the defendant, Connie Schwenn, act either maliciously or in a wanton, willful or reckless disregard for the plaintiff's rights?[5]" Therefore, because the question was posed in the disjunctive, the jury could have based its verdict on a finding that Schwenn acted wantonly, a finding that she acted willfully, or a finding that she acted recklessly, rather than on a finding that she acted willfully *and* maliciously. For those reasons the verdict does not support a finding of non-dischargeability under § 523(a)(6).

The foregoing conclusion is consistent with *Miller v. Held (In re Held)*, 734 F.2d 628, 629 (11th Cir.1984) a case involving the conversion of jewelry, which found that a pre bankruptcy jury award of punitive damages was not within the § 523(a)(6) exception to discharge because

[t]he state court charged the jury that it could award punitive damages if the acts of the defendants "were willful *or* showed a *reckless indifference* to the rights of the plaintiff" ... The jury

---

4. *Bowen v. Bullis (In re Bullis)*, 27 B.R. 517 (Bankr.E.D.Wis.1983); *Wisconsin Finance Corp. v. Ries (In re Ries)*, 22 B.R. 343 (Bankr.W.D.Wis. 1981); *Danekas v. Donny (In re Donny)*, 19 B.R. 354 (Bankr.W.D.Wis.1982).

5. This language, taken from Wisconsin Civil Jury Instruction No. 1707, reflects Wisconsin's standard for punitive damage awards. Hence, reckless disregard for the plaintiff's rights will sustain an award of punitive damages. *Collins v. Eli Lilly Co.*, 116 Wis.2d 166, 201, 342 N.W.2d 37 (1984).

might have based its verdict on recklessness.

A finding of recklessness does not resolve the § 523(a)(6) inquiry. In fact by adopting the requirement that the conversion be willful and malicious, Congress expressly overruled prior case law that had refused dischargeability when the conversion occurred innocently or recklessly.

Although this case differs from *Held* in that it does not deal with conversion of property, the principal set forth in *Held* unquestionably applies.

Plaintiff's brief argues that the defendant's conduct as found by the jury was by its very nature deliberate, intentional, malicious, wrongful and without just excuse. Moreover, plaintiff contends that racial discrimination is reflective of personal hatred, spite or ill-will. (Pl. brief pp. 3–4) A corollary of plaintiff's position would, therefore, seem to be that any finding of unlawful discrimination would support a judgment for punitive damages. However, courts have not so held. For example, in *Jeanty v. McKey & Poague, Inc.*, 496 F.2d 1119, 1121 (7th Cir.1974), a housing discrimination case wherein the defendants were charged under Title VIII of the Civil Rights Act of 1968 (42 U.S.C.A. § 3601 et seq.) with refusing to rent to the plaintiffs because they were black, this circuit stated that

> [T]he appropriate consideration in deciding the issue of punitive damages is the motive and attitude of the defendants in refusing the apartment in question to the plaintiffs. Thus, while punitive damages are not to be allowed for every Title VIII violation, in each case the Court should consider whether or not the defendants acted wantonly and willfully [citations omitted] or were motivated in their actions by ill will, malice or a desire to injure the plaintiffs.

Similarly, in *Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 367 F.Supp. 860, 864 (D.Md.1973) rev'd on other grounds, 517 F.2d 1141 (4th Cir.1975), the court stated that a finding that the defendant "committed unlawful racial discrimination is not sufficient alone or without other 'circumstances' to entitle the plaintiff to punitive damages." The court, therefore, rejected the plaintiffs' argument that "inherent in the nature of racial discrimination is an element of 'malice' or 'wantonness.'" *Id.* 864. Consequently, the court ordered compensatory but not punitive damages against the defendant Association because the defendant believed that as a private club it was exempted from the requirements and prohibitions of the Civil Rights Statutes.

■■■ It should be evident then that willful and malicious injury is not inherent in racial discrimination; otherwise courts would not have to separately determine whether defendants already found liable for racial discrimination also acted wantonly and willfully or were motivated by ill will, malice, hate or intent to injure.

Although the jury verdict in the case at bar may support a finding that the debtor discriminated willfully it does not support a finding that the defendant's refusal to rent an apartment to the plaintiff was a result of malice.

Furthermore, there is nothing before the court which precludes the debtor from attempting to show that there was just cause or a legally acceptable excuse for her actions. It, therefore, follows that plaintiff is not entitled to summary judgment and that this case must be set for trial.

IT IS SO ORDERED.