**Edward J. WARREN et al., Appellants,**

v.

**NORMAN REALTY CO. et al., Appellees.**

No. 74–1459.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1975.

Decided March 21, 1975.

W. Edward Thompson, Washington, D. C., for appellants.

Steven J. Riekes, Omaha, Neb., for appellee, Norman.

Larry R. Demerath, Omaha, Neb., for appellee, McFadden.

Stephen Muehlberg, Asst. U. S. Atty., Omaha, Neb., for appellee, Schlesinger.

Before MATTHES, Senior Circuit Judge, and HEANEY and WEBSTER, Circuit Judges.

15. At the appropriate time, plaintiff's motion to proceed as a class should be ruled upon. See n. 3, supra.

MATTHES, Senior Circuit Judge.

Plaintiffs in the district court, appellants here, appeal from the dismissal of their civil rights action for housing discrimination. The opinion of the district court is reported at 375 F.Supp. 478 (D.Neb.1974). At issue is the important question of which statute of limitations should apply. In dismissing the suit of the appellants, the district court held that the action was barred by the 180-day limitations period in Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq., otherwise known as the Fair Housing Act of 1968. We affirm, but on reasoning other than that relied upon by the district court.

The appellants are Mr. and Mrs. Edward Warren, who are black. This lawsuit, brought on behalf of themselves and their children, arose out of a series of events which occurred after Mr. Warren, who is a sergeant in the Air Force, was transferred in September of 1971 to Offutt Air Force Base, near Omaha. In searching for housing near Offutt for himself and his family, Sergeant Warren was referred by the Air Force Housing Service to Norman Realty Company. An employee of Norman Realty, Hugh Abrahamson, located a house for the Warrens to rent. The house was located in nearby Millard, Nebraska, and was owned by one Delores McFadden.

On September 14, 1971, the Warrens and Norman Realty (acting as agent for McFadden) executed a one-year contract for lease of the home. On September 17, Abrahamson notified the Housing Service and the Warrens that the owner, McFadden, had changed her mind and was breaking the contract signed only three days before. The reason given by Norman Realty for the breach was that McFadden had decided that an Air Force program subsidizing rental payments by the Warrens was unsatisfactory. Nevertheless, McFadden allegedly came personally to the rented home on September 24 and told the Warrens that their presence in the house would reduce property values in the area and cause neighbors to move.

The Warrens believed that the conduct of Norman Realty, Abrahamson, and McFadden was motivated by racial discrimination, and Sergeant Warren brought the matter to the attention of his superiors at the air base. After what the Warrens describe as a summary investigation within the chain of command of their housing discrimination complaint, Sergeant Warren was notified by a General Allman on February 28, 1972, that the Air Force, having found no indication of discrimination, considered the case closed. Warren was advised that if he desired to seek further relief within the Air Force or the Department of Housing and Urban Development, he should act within 180 days of the date of the alleged discriminatory conduct.

Sergeant Warren took no steps to initiate any further administrative investigation of his complaint within the 180-day period. Instead, dissatisfied with the handling of his case by the Air Force, Warren advised his superior in February of 1972 that he intended to seek relief in the federal courts. He asked for, and received, a day off duty to obtain a lawyer. This suit, however, was not initiated until July 31, 1973, nearly 18 months later.

The amended complaint, filed February 1, 1974, named as defendants Norman Realty, Abrahamson, McFadden, and Secretary of Defense Schlesinger, and alleged that the conduct of the defendants (or, in the case of defendant Schlesinger, the conduct of his agents) amounted to racial discrimination in housing, in violation of §§ 810 and 812 of the Fair Housing Act, 42 U.S.C. §§ 3610 and 3612, as well as other civil rights statutes, 42 U.S.C. §§ 1981, 1982, 1983, and 1985.[1]

---

1. The Warrens in their amended complaint also alleged that the agents of Schlesinger had failed to comply with certain Air Force regulations on processing housing discrimination complaints. The district court ruled that these allegations failed to state a cause of action under any of the civil rights provisions of the United States Code. We agree.

In dismissing, Judge Denney of the district court first ruled that any cause of action the Warrens had under § 810 or § 812 of the Fair Housing Act was barred by the specific 180-day limitations period established in the two sections for bringing suit pursuant to either section. 375 F.Supp. at 480–481. Judge Denney further held that the Warrens had failed to state a claim under 42 U.S.C. § 1983 since the complaint did not allege that the defendants acted under color of state law, and also held that the allegations of conspiracy in the complaint were insufficient to state a claim under 42 U.S.C. § 1985. 375 F.Supp. at 481 n. 4.

On this appeal, however, the appellants do not contest any of the rulings recited in the previous paragraph. Instead, the focus of their attack on appeal is upon the district court's dismissal of their actions for failing to state a claim for relief under 42 U.S.C. §§ 1981 and 1982. Judge Denney ruled that, since the Fair Housing Act of 1968 was a detailed and specific statutory scheme to eliminate housing discrimination, the 180-day limitations period provided in that Act also should be applied to housing discrimination suits under the more broadly worded provisions of §§ 1981 and 1982, which derive from the civil rights acts of the previous century, in order to achieve a functional harmony between the newer and older legislation. Otherwise, Judge Denney reasoned, the detailed provisions of the 1968 Act governing when and how judicial relief from housing discrimination may be obtained could be easily circumvented by a plaintiff who filed an action under § 1981 or § 1982. In footnote four to his opinion, the judge recognized that Nebraska has a specific statute condemning housing discrimination, Neb.Rev.Stat. §§ 20–105 to 20–125 (Reissue of 1970), and that it contains a 180-day limit on private civil actions for housing discrimination. The court noted that one could argue that the 180-day limit in the state statute barred this federal action, but opted to premise its ruling on the rationale set forth in the preceding paragraph.

I

Appellants urge that the 180-day limitation of the Fair Housing Act does not apply to a housing discrimination suit brought under § 1982. We agree.

In Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), the Supreme Court expressly stated that the 1968 Act had no effect upon an action brought under § 1982: "The Civil Rights Act of 1968 does not mention 42 U.S.C. § 1982, and we cannot assume that Congress intended to effect any change, either substantive or procedural, in the prior statute." 392 U.S. at 416 n. 20, 88 S.Ct. at 2191. This position was reaffirmed by the Court in Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 237, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969).

To be sure, such a holding permits a plaintiff to circumvent the elaborate procedures and limitations in the 1968 Act by suing pursuant to § 1982. Nevertheless, we point out that the incongruity of allowing a party to evade a limitations provision of the Fair Housing Act by means of § 1982 is much less startling when one recognizes that the 1968 Act itself permits a party to circumvent the administrative conciliation procedures of § 810 by seeking direct judicial relief under § 812 of the very same Act. *See, e. g.,* Crim v. Glover, 338 F.Supp. 823 (S.D.Ohio 1972); Johnson v. Decker, 333 F.Supp. 88 (N.D.Cal.1971); Note, Discrimination in Employment and in Housing: Private Enforcement Provisions of the Civil Rights Acts of 1964 and 1968, 82 Harv.L.Rev. 834, 855–859 (1969).

The defendant-appellees, on the other hand, cite a passage from the Supreme Court opinion in Hunter v. Erickson, 393 U.S. 385, 89 S.Ct. 557, 21 L.Ed.2d 616 (1969), for the proposition that the 1968 Act must be construed as limiting actions under § 1982. The Court in *Hunter* was confronted with the question whether a city charter amendment requiring voter approval of any fair housing ordinance was a denial of equal protection to blacks and other minorities.

In the course of the opinion the Court observed:

> The 1968 Civil Rights Act specifically preserves and defers to local fair housing laws, and the 1866 Civil Rights Act considered in *Jones* should be read together with the later statute on the same subject . . . so as not to pre-empt the local legislation which the far more detailed Act of 1968 so explicitly preserves. [Footnotes omitted.]

393 U.S. at 388, 89 S.Ct. at 559.

■ We believe that this language must be construed as saying nothing more than 'that since § 1982, which emanates from the Civil Rights Act of 1866, obviously had no specific provision on the matter of local fair housing legislation, it should not be read contrary to the later more detailed legislation of Congress in 1968, which did expressly refer to and preserve local fair housing laws. *Accord,* Johnson v. Zaremba, 381 F.Supp. 165 (N.D.Ill.1973). Thus the statement from *Hunter* does not serve as support for the proposition that the 1968 Act operates to limit in any way the relief available under § 1982 itself.[2] Moreover, the *Hunter* opinion preceded the subsequent reaffirmation in *Sullivan* of the language in *Jones* that the Fair Housing Act has no effect on 1982.

Consequently, we hold that an action under 42 U.S.C. § 1982 is not barred by the 180-day limitations period of § 810 or § 812 of the Fair Housing Act of 1968. The United States Court of Appeals for the Fourth Circuit is in agreement. Hickman v. Fincher, 483 F.2d 855 (4th Cir. 1973). *See also* Young v. AAA Realty Co., 350 F.Supp. 1382, 1387 (M.D.N. C.1972); *cf.* McLaurin v. Brusturis, 320 F.Supp. 190 (E.D.Wis.1970).

### II

■ Since we have held that the limitation period of the 1968 Act does not apply to housing discrimination suits under § 1982, and since Congress has not otherwise provided a statute of limitations for 1982 actions, we must turn to state law for the controlling limitation period. Hickman v. Fincher, *supra*; Baker v. F & F Investment, 420 F.2d 1191 (7th Cir.), cert. denied, 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970); C. Antieau, Federal Civil Rights Acts §§ 27, 85 (1971). We agree with appellees that the state statute of limitations applicable to this federal suit is the 180-day limitations period of the Nebraska Civil Rights Act of 1969.

■ The federal courts have not reached uniform results in determining which state statute of limitations should be applied to various civil actions under the federal civil rights statutes. *See generally* Note, A Limitation on Actions for Deprivations of Federal Rights, 68 Colum.L.Rev. 763 (1969). The ultimate goal is to apply the same limitations period to the federal civil rights action as would be applied if a similar action were brought in state court. *See, e. g.,* Franks v. Bowman Trans. Co., 495 F.2d 398, 405 (5th Cir.), cert. denied, 419 U.S. 1050, 95 S.Ct. 625, 42 L.Ed.2d 644 (1974); Glasscoe v. Howell, 431 F.2d 863, 864 (8th Cir. 1970); Beard v. Stephens, 372 F.2d 685, 688 (5th Cir. 1967); Swan v. Board of Higher Education, 319 F.2d 56, 59 (2d Cir. 1963); C. Antieau, *supra*, § 85. Thus, "the federal district court must apply the statute of limitations of the state where it sits which would be applicable to the most closely analogous state action." Franks v. Bowman Trans. Co., *supra*, 495 F.2d at 405.

But the difficulty has been that many states have not recognized a cause of action similar to a federal action for denial of civil rights, and therefore have not created a limitations period for such civil rights actions. Consequently, many federal courts have been forced to apply the state statute of limitations applicable

---

2. United States v. Stewart, 311 U.S. 60, 64–65, 61 S.Ct. 102, 85 L.Ed. 40 (1940), and Talbot v. Seeman, 5 U.S. (1 Cranch) 1, 34, 2 L.Ed. 15 (1801), cited by the Court in *Hunter,* further indicate that the *Hunter* Court believed the 1968 and 1866 legislation should be construed *in pari materia,* rather than the 1968 Act operating to limit § 1982.

to what the particular federal court considers to be no more than a remotely analogous state cause of action.

Conclusions as to which state cause of action is analogous to a particular type of federal civil rights action have varied, as evidenced by this court's treatment of § 1983 actions. In some instances the court on the facts of the particular case has characterized the federal civil rights action as similar to a state tort or contract action, and the appropriate state tort or contract limitations period has been applied to the federal civil rights suit. *See, e. g.,* Johnson v. Dailey, 479 F.2d 86 (8th Cir.), cert. denied, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 246 (1973); Savage v. United States, 450 F.2d 449 (8th Cir. 1971), cert. denied, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972). The court in another case, however, declined to apply the state limitations period applicable to a tort or contract action, stressing that a federal civil rights action involves more than a tort or breach of contract, and applied alternatively the state statute of limitations for statutorily created liabilities or the limitation for actions not otherwise covered by a statute of limitations. See Glasscoe v. Howell, *supra. See also* Smith v. Cremins, 308 F.2d 187 (9th Cir. 1962); Lazard v. Boeing Co., 322 F.Supp. 343 (E.D.La.1971). A single test for uniformly determining which state limitations period should apply in a federal civil rights case when there is no express state limitations period for civil rights suits has not yet been established in this circuit. *See* Reed v. Hutto, 486 F.2d 534 (8th Cir. 1973).

But in the case before us, unlike in the 1983 actions discussed above, we need not employ any of the various tests of characterization and analogy to theorize what limitations period would apply if a similar housing discrimination suit had

been brought in Nebraska state court. Nebraska has its own housing discrimination law, and it is apparent that if a suit similar to this federal action had been brought in state court it would have been controlled by the 180-day limitations period established in that state housing discrimination statute.

The Nebraska Civil Rights Act of 1969, patterned after the federal civil rights act of the preceding year, provides for both administrative and judicial relief from housing discrimination. Neb. Rev.Stat. §§ 20–105 to 20–125 (Reissue of 1970). Upon the complaint of an individual, the Nebraska Equal Opportunity Commission may bring a civil action to enforce the complainant's right to freedom from housing discrimination. Neb. Rev.Stat. § 20–117. Further, Neb.Rev. Stat. § 20–119 provides:

> Any person entitled to file a complaint with the commission pursuant to sections 20–105 to 20–125 . . . may file, on his own behalf, a civil action in the district court of the county in which a discriminatory housing practice is alleged to have occurred, or in which the respondent resides or maintains his principal place of business. Such action shall be commenced within one hundred eighty days after the complaint arose, or it shall be waived. The action authorized by this section shall be considered an alternative to the other procedures provided by sections 20–105 to 20–125 . . . ..

Since it is apparent that if the Warrens had brought an action similar to the present suit in Nebraska state court the provisions of Neb.Rev.Stat. § 20–119 would have applied, we believe that the limitations period of § 20–119 should apply to this federal action seeking to remedy precisely the same wrong condemned by the Nebraska statute.[3]

> In light of the existence of a specific Nebraska action for housing discrimination and a limitations period applicable thereto, we decline the invitation to characterize the present action as one sounding in tort or contract and note simply that the whole thrust of the appellants' complaint is an action for relief from housing discrimination and that the breach of

---

3. Appellants seek to avoid the 180-day limit of § 20–119 by urging that their amended complaint also alleges a cause of action under 42 U.S.C. § 1981 for denial of contract rights because of race and that therefore the five-year Nebraska statute of limitations for breach of contract actions should apply to their 1981 action. Neb.Rev.Stat. § 25–205.

The appellants cite Waters v. Wisconsin Steel Works, 427 F.2d 476 (7th Cir. 1970), and urge that it is authority for declining to apply the limitations period of the Nebraska housing discrimination statute to this federal housing discrimination suit. *See also* Smith v. Perkin-Elmer Corp., 373 F.Supp. 930 (D.Conn. 1973). In *Waters,* the court of appeals held that the 120-day limitations period for seeking administrative and judicial relief under the Illinois Fair Employment Practices Act, Ill.Rev.Stat. ch. 48, § 851 et seq. (1967), did not apply to plaintiffs' federal action under 42 U.S.C. § 1981 for alleged racial discrimination in employment. In declining to apply the limitation of the Illinois fair employment statute, the Waters court explained:

> We are not convinced that the Illinois F.E.P.A. is the most analogous state action under these provisions. The Illinois Act provides only for administrative remedy and review of the F.E.P. C.'s [Fair Employment Practices Commission] findings in the state courts. Different considerations obviously apply to suits by private litigants in courts of law.

427 F.2d at 488. Similarly, in *Smith* the court noted that judicial action under the Connecticut F.E.P.A. was not analogous to a § 1981 suit for employment discrimination since, unlike a 1981 action, the judicial relief provided under the state law was merely an administrative review of state agency action and not an independent suit brought by a private litigant in which all the issues of the case could be tried de novo.

But in our case, the civil action created pursuant to Neb.Rev.Stat. § 20–119 specifically creates a civil action for private litigants which is expressly stated to be an alternative to any administrative relief provided elsewhere in the state law. Consequently, suit under § 20–119 is a state equivalent of this federal housing discrimination action,

contract was incidental to the alleged racial discrimination in housing. *Cf.* Johnson v. Railway Express Agency, Inc., 489 F.2d 525,

and the 180-day limitations period applicable to § 20–119 litigation should also apply to this federal suit.

The judgment of dismissal is affirmed.

529 (6th Cir. 1973), aff'd, —— U.S. ——, 95 S.Ct. 1716, 44 S.Ct. 295 (1975).