William B. ROACH, Appellant,

v.

A. Z. OWEN, Individually and as the former Supervisor of the Ouachita National Forest, United States Forest Service, et al., Appellees.

No. 82–1351.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1982.

Decided Sept. 24, 1982.

William M. Cromwell, Rose, Kinsey & Cromwell, Fort Smith, Ark., for appellant.

W. Asa Hutchinson, U.S. Atty. by J. Michael Fitzhugh, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

William B. Roach appeals from the district court's[1] dismissal of his civil rights suit against thirteen present and former employees of the United States Forest Service as barred under Arkansas' three-year statute of limitations. See Ark. Stat. Ann. § 37–206 (1962). On appeal, Roach contends the trial court should have applied the six-year federal statute of limitations. See 28 U.S.C. § 2401(a) (1976). We disagree, and, accordingly, affirm the ruling of the district court.

I. *Background.*

On August 4, 1980, Roach, an employee of the United States Forest Service, filed a three-count suit in federal district court against various coworkers and superiors. Roach sought damages for alleged violations of his civil rights under the fifth, ninth, and fourteenth amendments, as well as under 42 U.S.C. § 1985. Roach had filed a similar suit in September 1976, but took a voluntary nonsuit to exhaust his administrative remedies. The district court construed Roach's allegations in the most favorable light and determined that, at the very latest, his cause of action accrued on August 15, 1976. Therefore, the district court dismissed Roach's suit as untimely under Arkansas' three-year statute of limitations, Ark. Stat. Ann. § 37–206 (1962).

---

1. The Honorable Oren Harris, United States Senior District Judge for the Western District of Arkansas.

## II. *Discussion.*

In most situations a state's general statute of limitations applies to civil rights suits. *See Garmon v. Foust,* 668 F.2d 400 (8th Cir. 1982). Roach, however, argues that the trial court erred in applying Ark. Stat. Ann. 37–206. He contends that the trial court should have applied 28 U.S.C. § 2401(a), which gives a plaintiff six years to file civil actions in which the United States is a defendant. Thus, the issue is whether Roach's suit against the thirteen named defendants is also a suit against the United States. Roach argues that his complaint should have been construed as stating a cause of action against the United States. We disagree.

The district court properly treated the suit as one against the named defendants only, and not against the United States. Nowhere in his complaint does Roach name the United States as a defendant to his suit. Roach does not seek any relief from the United States and all of the alleged violations of his civil rights are predicated on the acts of individuals.

Accordingly, the district court properly applied the three-year statute of limitations of Ark. Stat. Ann. § 37–206 and dismissed the suit.

Affirmed.