**Joseph M. HARRIGAN, Plaintiff,**

v.

**SEBASTIAN'S ON THE WATERFRONT, INC., Defendant.**

**Civ. No. 82/98.**

District Court, Virgin Islands, D. St. Thomas and St. John.

Feb. 13, 1985.

Robert J. Ambrogi, St. Thomas, Virgin Islands, for plaintiff.

Adriane J. Dudley, St. Thomas, Virgin Islands, for defendant.

## MEMORANDUM AND ORDER

CHRISTIAN, Chief Judge.

■ This is an action for damages arising from the alleged discriminatory discharge of the plaintiff from Sebastian's on the Waterfront, Inc. ("Sebastian's"). In his complaint plaintiff asserts causes of action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), 42 U.S.C. § 1981 and the Thirteenth Amendment to the United States Constitution. The cause is before the Court on motion of the plaintiff to join James A. Bridgeman, the Chairman of the Board of Directors of Sebastian's as a defendant in this action.[1]

### I. *Joinder Under Title VII*

Bridgeman maintains that he was not named in the plaintiff's Equal Employment and Opportunity Charge (EEOC) and, therefore, may not be added as a defendant in the instant action.

Title VII employment discrimination suits are permitted only "against the respondent named in the charge" before the Equal Employment and Opportunity Commission. This requirement is jurisdictional. *Alexander v. Gardner-Denver Co.* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). This requirement insures that the charged party is notified of the alleged violation. In addition the parties are brought before the Equal Employment and Opportunity Commission and encouraged to voluntarily comply with the act. *Eggleston v. Chicago Journeyman Plumbers,*

---

**1.** The Court observes that claims based upon the Thirteenth Amendment to the United States Constitution, as opposed to statutes enacted under its enabling clause, must allege some form of compulsory, enforced labor without option. *See, e.g., United States v. Shackney,* 333 F.2d 475, 485–86 (2nd Cir.1964); *Jordan v. Lewisk Grocer Co.,* 467 F.Supp. 113, 116 (N.D.Miss.1979); *Oliver v. Donnovan,* 293 F.Supp. 958, 970–71 (ED Wy.1968). The plaintiff has made no such allegation in his complaint. Accordingly, we do not address the issue of whether Bridgeman can be joined as a defendant in a cause of action based upon the Thirteenth Amendment.

657 F.2d 890 (7th Cir.1981) *cert. den.* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982); *Le Beau v. Libby-Owens Ford Company,* 484 F.2d 798, 799 (7th Cir.1973).

■ Resolution of this motion is governed by *Glus v. G.C. Murphy,* 562 F.2d 880 (3rd Cir.1977). In *Glus,* the United States Court of Appeals for the Third Circuit established four criteria which must be satisfied before a party not named in the plaintiff's EEOC proceeding may subsequently be added as a defendant in a suit brought in the district court. The factors to be considered are:

1. Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

2. Whether under the circumstances, the interest of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceeding;

3. Whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to the interest of the unnamed party; and

4. Whether the unnamed party has in some way represented to the complainant that his relationship with the complainant is to be through the named party.

*Id.* at 888

■ The plaintiff claims that an identity of interest existed between Sebastian's and Bridgeman because Bridgeman was the Chairman of the Board of Directors and owned stock in the corporation. These facts are admitted by Bridgeman, but are clearly insufficient to support a finding of an identity of interest.

Bridgeman testified at his deposition that he and the general manager jointly decided to remove the plaintiff from his position of manager of the coffee shop at Sebastian's. Both men were present when the plaintiff was informed of their decision. Accordingly, we are impelled to the conclusion that

no identity of interest existed between Sebastian's and Bridgeman.

We conclude, therefore, that plaintiff may not add Bridgeman as a defendant to his cause of action based upon Title VII. Thus, we need not discuss the application of the other *Glus* factors to the instant action.

II. *Joinder Under 42 U.S.C. § 1981*

The plaintiff was removed from his position as coffee shop manager in November, 1980. He filed the above captioned action in this Court on April 12, 1982 naming only Sebastian's as defendant. On July 30, 1985, the plaintiff filed the instant motion requesting to add Bridgeman as a defendant. Accordingly, resolution of the plaintiff's motion requires that we first determine the applicable statute of limitations under 42 U.S.C. § 1981.

The Reconstruction Civil Rights Acts do not contain a specific statute of limitation governing § 1981 actions. *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1971). It is well settled that when Congress has not established a time limitation for a federal cause of action, the court must adopt the most analogous state statute of limitation if it is not inconsistent with federal law or policy to do so. *See, e.g., Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Runyon v. McCary,* 427 U.S. 160, 180–82, 96 S.Ct. 2586, 2599, 2600, 49 L.Ed.2d 415 (1976); *Autoworkers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). *See also,* 42 U.S.C. § 1988. In the past, such suits were characterized in terms of the specific facts generating a particular case and the Court would then apply the appropriate statute of limitation. *See, e.g., Deary v. Three Un-Named Police Officers,* 746 F.2d 185 (3rd Cir.1984); *Davis v. United States Steel Supply,* 581 F.2d 335 (3rd Cir.1978); *Webster v. Government of the Virgin Islands,* 17 VI 498 (D.V.I. 1980).

Recently the Supreme Court held that the proper characterization of actions under 42 U.S.C. § 1983 was a "question of federal law" and that "[o]nly the length of

the limitations period and closely related questions of tolling and application are governed by state law." *Wilson v. Garcia,* 105 S.Ct. at 1943. The Court reasoned that it was a time consuming and uncertain process to analogize the facts of each 1983 action to a particular claim under state law. Moreover, the Court stated, almost every § 1983 claim can be characterized as more than one common law action. The Court then concluded that Congress intended the identification of the appropriate statute of limitations to be a simple, uncomplicated task and that uncertainty created by the present system obstructed efficient enforcement of federal civil rights. *Wilson v. Garcia,* 105 S.Ct. at 1945. *See also, Smith v. City of Pittsburgh,* 764 F.2d 188, 198 (1985). The Supreme Court went on to characterized all § 1983 claims as personal injury actions. *Wilson v. Garcia,* 105 S.Ct. at 1949

Initially, we note that *Wilson v. Garcia* governs actions under Section 1983 only. We are persuaded by the reasoning in *Garcia.* The protection of federal civil rights under all statutes would be enhanced by the adoption of uniform statutes of limitation. It does not follow, however, that in order to achieve this goal all civil rights violation must be characterized as personal injury actions.

42 U.S.C. § 1981 was designed to protect economic rights. This section guarantees that all persons shall have equal rights to contract, employment and to own property. It follows, therefore, that Section 1981 is best governed by the statute of limitation applicable to contract actions. Economically grounded causes of action frequently arise from well-documented courses of conduct. It is fair, therefore, to file such claims six years after they arise. *Goodman v. Tukens Steel Company,* 84–1478 and 84–1509 (3rd Cir. January 7, 1986) (granting Petition for Rehearing). Hence, all § 1981 actions shall now be characterized as contract claims and the six year statute of limitations shall apply to such actions.

Having decided that the statute of limitations for contracts applies to the plaintiffs claim, we must now decide if joinder of Bridgeman in this cause of action is permissible. A defendant may be added as a party when the right to relief asserted against him arises from the same transaction or occurrence which formed the basis for the plaintiff's claim against the original defendant. Further, both claims must present at least one common question of law or fact. Fed.R.Civ.P. 20(a); 3A J. MOORE, MOORE'S FEDERAL PRACTICE 91, 20.6. Clearly, the plaintiff's claims against Bridgeman and Sebastian's satisfy the foregoing two prong test. Accordingly, the plaintiff will be permitted to add Bridgeman as a party to his cause of action asserted under § 1981.

### ORDER

The premises considered, therefore, and the Court being fully advised,

IT IS ORDERED that the motion of plaintiff Joseph M. Harrigan to add James A. Bridgeman as a defendant be, and the same is, hereby DENIED as to his cause of action asserted under Title VII, 42 U.S.C. § 2000e et seq., and GRANTED as to his cause of action averred under 42 U.S.C. § 1981.