778 F.2d 468
 43 Fair Empl.Prac.Cas. 643,
38 Empl. Prac. Dec. P 35,744
Danny Clark CROSS, Appellant,
v.
GENERAL MOTORS CORPORATION, Robert Lemmon, Jerry Shermer,
Donald Weedmon, Jim Tisoto, Mark Woodham, Vaughn Smith,
Jerry Williams, H.E. Knight, Dr. Shanahan, Charles Seabough,
J.H. Vincent, Jay Boren, Charles Hagan, Jack Seifert, Mike
Wisdom, Dwight Dugan, D.E. McGowan, Ray Stipes and Bob
Brookhouse, Appellees.
 No. 84-2570.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 14, 1985.
Decided Nov. 27, 1985.
 
 Danny Cross, Chicago, Ill., for appellant.
 James E. McDaniel, St. Louis, Mo., for appellee.
 Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 HEANEY, Circuit Judge.
 
 
 1
 Danny Clark Cross appeals pro se the district court's dismissal for failure to state a claim his 42 U.S.C. Secs. 1981 and 1985(3) complaint against General Motors Corporation (GMC) and several of its employees and/or agents. For reversal, Cross argues that the district court erred in ruling that the Missouri statute of limitations barred his suit and that his complaint failed to state a cause of action. We affirm.
 
 
 2
 I. FACTS.
 
 
 3
 On April 4, 1980, Cross filed a complaint (subsequently amended) which alleged that GMC and several of its agents had conspired to harass him and deprive him of employment because of his race. Specifically, Cross alleged that from 1968 until 1976, while he was employed at the GMC plant in St. Louis, Missouri, certain employees of GMC falsified his employment records, wrongfully denied him medical leave, threatened to lay him off, failed to compensate him for work he was ordered to do but that was outside his job description, forced him to work while injured, administered racially motivated beatings, laid him off out of normal seniority rank, increased his workload (while not increasing that of others), unnecessarily monitored his work habits and insulted him with racial epithets.
 
 
 4
 On December 18, 1980, the district court dismissed without prejudice the individual defendants because Cross failed to serve them with process, and the case proceeded with GMC as the sole defendant. The district court then dismissed without prejudice Cross's complaint against GMC for willful failure to comply with a discovery order, see Fed.R.Civ.P. 37(b). The court also dismissed, for failure to state a claim, Cross's conspiracy count under 42 U.S.C. Sec. 1985(3). The district court, however, retained jurisdiction over the action in order to hold a hearing as to whether Cross would 1) be assessed costs, and 2) have his in forma pauperis status revoked.
 
 
 5
 Cross filed a timely appeal and, on June 16, 1982, this Court entered an order dismissing the appeal as interlocutory. On December 7, 1982, fees were assessed against Cross and, on April 16, 1983, the district court entered a final order revoking Cross's in forma pauperis status.
 
 
 6
 Cross appealed, Cross v. General Motors Corp., 721 F.2d 1152 (8th Cir.1983), and we affirmed the orders of the district court, without prejudice to Cross's ability to refile his action. With respect to our affirmance of the district court's dismissal of the section 1985(3) conspiracy claim, we noted that although "a corporation and its agents are a single person in the eyes of the law, and a corporation cannot conspire with itself * * * the case law does not completely foreclose the possibility of applying Sec. 1985(3) to a single corporation." 721 F.2d at 1156. We stated that if Cross refiled his action, named individual agents of the corporation, and proved that they acted outside the scope of their employment or for personal reasons, he might state a meritorious section 1985(3) claim. Id.
 
 
 7
 On April 25, 1984, before the one-year anniversary of the final deposition of his case, Cross refiled his conspiracy claims under 42 U.S.C. Sec. 1981 and section 1985(3). He named GMC and four of its agents as codefendants and alleged that the agents conspired with GMC by taking discriminatory actions against him which were outside the scope of their employment. Although we stated in Cross II, 721 F.2d at 1156, that the GMC agents' alleged acts were arguably within the scope of their employment, it is clear that the alleged physical batterings and racial epithets would be outside the scope of the agents' employment.
 
 
 8
 GMC and the individual defendants claimed that Cross's action against the individuals was time barred by Mo.Rev.Stat. Sec. 516.120 and the action against GMC was either a new action time barred by this same statute of limitations or it was the same action considered in Cross II and thus barred by res judicata.
 
 
 9
 The district court dismissed the action as time barred and barred by res judicata. Cross appeals again.
 
 
 10
 II. DISCUSSION.
 
 
 11
 Because there is no federal statute of limitations applicable to suits alleging violations of civil rights, the court must apply the one most appropriate state statute of limitations. Wilson v. Garcia, --- U.S. ----, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Wilson, the Court held that claims under 42 U.S.C. Sec. 1983 are best characterized as personal injury actions for statute of limitations purposes. Although this Court has not yet had occasion to apply Wilson to claims under 42 U.S.C. Secs. 1981 and 1985(3), we have applied Missouri's five-year statute of limitations, Mo.Rev.Stat. Sec. 516.120, for, inter alia, personal injury actions, to a section 1981 action. Green v. McDonnell Douglas Corp., 463 F.2d 337 (8th Cir.1972), rev'd on other grounds, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In Peterson v. Fink, 515 F.2d 815 (8th Cir.1975), involving a section 1985(3) claim, however, we applied Missouri's three-year statute of limitations, Mo.Rev.Stat. Sec. 516.130(1), for actions against "an officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office * * *." We need not decide whether, under Wilson, the three- or five-year statute of limitations applies here because even if we apply the longer five-year statute of limitations set forth in Mo.Rev.Stat. Sec. 516.120 to both the section 1981 and 1985(3) claims, it is clear that Cross's present action against the individual defendants was not commenced until well beyond five years after the termination of his employment with GMC and the acts which he alleges to have occurred in support of the alleged conspiracy between GMC and its agents.
 
 
 12
 The only question here is whether the five-year statute of limitations was tolled[1] by Mo.Rev.Stat. Sec. 516.230, which gives a plaintiff one year to refile a complaint after he has suffered a nonsuit,[2] because Cross had filed an earlier and timely action against the individual defendants which was dismissed for lack of jurisdiction. This statute is clearly inapplicable to Cross's action against the individual defendants because he never suffered a nonsuit with respect to these defendants. See Mertens v. McMahon, 115 S.W.2d 180 (Mo.App.1938). His original and timely suit against these individuals was dismissed for lack of jurisdiction and "[t]hat cause having been dismissed without the court ever having acquired jurisdiction, the legal situation is the same as though that suit was never filed." Id., at 183 (Mo.App.1938). Because Cross did not, under Missouri law, "file" a suit against the individual defendants until well after the five-year limitations period, his action against these individuals is timebarred.
 
 
 13
 Because the individual defendants were properly dismissed from this action, Cross cannot show that these individuals, through acts outside the scope of their employment, conspired with GMC to deprive him of his civil rights. We are left then with the identical conspiracy claims against GMC which were considered and rejected in Cross II. Accordingly, the district court properly dismissed his action against GMC as res judicata.
 
 
 14
 Affirmed.
 
 
 
 [1]
 In Wilson, --- U.S. at ----, 105 S.Ct. at 1943, 85 L.Ed.2d at 262, the Court held that state law governs not only the length of the limitations period, but also the related questions of tolling and application
 
 
 [2]
 The statute provides, in relevant part, "If any action shall have been commenced within the times respectively prescribed * * * and plaintiff therein suffer a nonsuit * * * such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered * * *." Mo.Rev.Stat Sec. 516.230