**Helen BASS, Plaintiff,**

**v.**

**NKC, INC., Defendant.**

**Civ. A. No. 85–0124.**

United States District Court,
W.D. Kentucky,
Louisville Division.

Dec. 16, 1985.

Gary N. Brown, Louisville, Ky., for plaintiff.

Jon L. Fleischaker, Jo Ann Dale, Wyatt, Tarrant, & Combs, Louisville, Ky., for defendant.

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

Plaintiff Helen Bass, a former employee of defendant NKC, Inc., brings this civil rights action under 42 U.S.C. §§ 1981 and 1983 alleging that defendant discharged her because of her race and sex. Defendant has filed a motion for summary judgment claiming that plaintiff's action is barred by the statute of limitations, and that there is no issue of material fact and defendant is entitled to judgment as a matter of law. Plaintiff has not responded to the motion for summary judgment.

In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that all 42 U.S.C. § 1983 claims are best characterized as personal injury actions. Thus, the applicable statute of limitations for a § 1983 action is the state's statute for personal injury actions. In Kentucky personal injury actions must be brought within one year of their accrual. KRS 413.140(1)(a). Defendant discharged Bass on December 2, 1982, and Bass commenced this suit on January 30, 1985. Therefore, Bass's claim under 42 U.S.C. § 1983 was not timely filed, and it must be dismissed.

The *Wilson* Court did not address § 1981 claims. However, defendant maintains that the reasoning of the *Wilson* decision is as applicable to § 1981 as it is to § 1983. The court agrees. The practical considerations relied upon in *Wilson* are pertinent to § 1981 claims. Section 1981 claims like section 1983 ones may be analogous to more than one state cause of action. *See Id.,* 105 S.Ct. at 1945. Thus, a simple, broad characterization of all § 1981 claims best fits the statute's remedial purpose because it would enhance certainty and uniformity, and it would lessen time-consuming litigation. *See Id.* The Court noted "moreover, the legislative purpose to create an effective remedy for the enforcement of federal civil rights is obstructed by uncertainty in the applicable statute of limitations, for scarce resources must be dissipated by useless litigation on collateral matters." *Id.,* 105 S.Ct. at 1947. The rational can be applied to § 1983 because the purpose of that statute also is to provide an effective remedy for the enforcement of federal civil rights. Indeed, §§ 1981 and 1983 are both derived from the Civil Rights

Acts enacted during Reconstruction upon the authority given Congress in the post-Civil War amendments to the Constitution. Section 1981 was originally section 1 of the Civil Rights Act of 1866, and section 1983 was originally section 1 of the Civil Rights Act of 1871.

■ The *Wilson* Court determined that the nature of the § 1983 remedy is such that the tort action for the recovery of damages for personal injuries is the best alternative for a uniform statutory period available. It reasoned that the original statute was enacted to hinder the violence deception, and denial of civil and political rights which was occurring in the South during Reconstruction. Thus, the remedies afforded by the Civil Rights Act of 1871 are most closely analogous to tort remedies. The underlying purpose for § 1981 is quite similar to that of § 1983. It was intended to uproot the institution of slavery and to eradicate its badges and incidents. *Long v. Ford Motor Co.*, 496 F.2d 500 (6th Cir.1974). Like § 1983, it is designed to afford equal opportunities to secure the benefits of American life and to provide a remedy for all forms of discrimination.

Finally, the court notes that quite often claims under §§ 1983 and 1981 are brought in the same suit and they are characteristically analyzed together for statute of limitations purposes. *See e.g., Burnett v. Grattan,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984), *Sullivan v. Little Hunting Park,* 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), *Perez v. Laredo Junior College,* 706 F.2d 731, 733 (5th Cir.1983). In fact, many of the cases cited in *Wilson* dealt with § 1981 claims. *See, Burnett,* 104 S.Ct. at 2924, *Sullivan,* 396 U.S. at 229, 90 S.Ct. at 400. *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

■ Accordingly, the court finds that *Wilson* should apply to claims brought under § 1981 as well as those brought under § 1983. Thus, Bass's claims are both barred by the one year statute of limitations and they will be dismissed.