**Maurice J. RHODES, Plaintiff,**

v.

**NORTHWESTERN BELL TELEPHONE COMPANY, Defendant.**

Civ. No. 4–85–1487.

United States District Court,
D. Minnesota,
Fourth Division.

March 16, 1987.

John W. Getsinger, Leonard, Street & Deinard, Minneapolis, Minn., for plaintiff.

John W. Polley, Faegre & Benson, Minneapolis, Minn., for defendant.

MEMORANDUM OPINION
AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Maurice J. Rhodes brought this action against his employer, Northwestern Bell Telephone, alleging race discrimination, in violation of 42 U.S.C. §§ 1981 and 2000e. Rhodes is black. He received a B.A. from the University of Minnesota in 1972. Defendant hired him and placed him in its "Initial Management Development Program" (IMDP), which he describes as a special, "accelerated promotional program." Rhodes asserts that he was not promoted from "level 1," although he had received uniformly favorable reviews. He states that he was "unilaterally dropped" from IMDP in 1980 and that as recently as 1984 he has been denied promotions he deserved. Rhodes filed a complaint with the Equal Employment Opportunity Commission in January 1985 and received a Notice of Right to Sue in August 1985. He filed this complaint on October 3, 1985.

Defendant now moves to dismiss plaintiff's § 1981 claims insofar as he seeks damages for acts alleged to have occurred more than 300 days before the filing of the complaint. The parties agree that Rhodes can proceed with at least part of his § 1981 claim, but defendants argue that the appli-

cable statute of limitations bars recovery for most of the allegedly discriminatory acts. Defendant asserts that the appropriate limitations period for this employment discrimination claim is the 300–day period applicable to employment discrimination suits brought under the Minnesota Human Rights Act, Minn.Stat. § 363.06, subd. 3. Plaintiff argues that the applicable statute for § 1981 claims is the six-year limitations period for action upon liabilities created by statute, Minn.Stat. 541.05 subd. 1(2).

Some years ago, the Eighth Circuit Court of Appeals ruled that Minnesota's six year statute of limitations for statutory liability should govern claims under 42 U.S.C. § 1983. *Occhino v. United States,* 686 F.2d 1302 (8th Cir.1982). *Occhino* followed *Garmon v. Foust,* 668 F.2d 400 (8th Cir.) (en banc), *cert. denied* 456 U.S. 998, 102 S.Ct. 2283, 73 L.Ed.2d 1294 (1982), which held that Iowa's five year limitations period for statutory liability applied to § 1983 actions. Those cases arose under § 1983 and the court's holding was therefore limited to actions brought under that statute. But the court explicitly recognized that "the rationale of [*Garmon* ] may extended to actions under other sections of the Civil Rights Act, e.g. §§ 1981, 1985." *Garmon,* 686 F.2d at 406 n. 12. The court's decision to apply the forum's general statutory limitations period turned on the unique nature of actions for deprivations of civil rights. Such actions "in no way depend[ ] upon state common law" and may be pursued "rather than, or in addition to, state remedies." *Id.* at 406. The applicable statute of limitations should not "unduly cramp[ ] the significance of ... a broad, statutory remedy." *Id.* This reasoning could also apply to .§ 1981 claims. Under *Garmon* and the cases following it, "[i]n most situations, a state's general statute of limitations applies to civil rights suits." *Roach v. Owen,* 689 F.2d 146, 147 (8th Cir.1982). In reliance on *Occhino,* the courts of this district have applied the same six year statute of limitations to all § 1983 cases. *See Cook v. City of Minneapolis,* 617 F.Supp. 461 (D.Minn.1985).

The policy favoring a single limitations period for all cases arising under the civil rights statutes was also central to the Supreme Court's decision in *Wilson v. Garcia,* 471 U.S. 261, 272, 105 S.Ct. 1938, 1945, 85 L.Ed.2d 254 (1985) (stressing the need for "a simple, broad characterization of all § 1983 claims" for statute of limitations purposes). *Wilson v. Garcia* reached a different result than *Garmon* and *Occhino* in its analysis of the most analogous statute of limitations, however. It found that "§ 1983 claims are best characterized as personal injury actions." *Id.* at 280, 105 S.Ct. at 949. *Wilson* effectively overruled *Occhino* in this respect. *Wycoff v. Menke,* 773 F.2d 983, 984 (8th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986). *Wilson* has been applied in this district to require imposition of Minnesota's two-year statute of limitations for intentional torts to § 1983 actions. *See Cook v. City of Minneapolis,* 617 F.Supp. 461 (D.Minn.1985). *See also Richard H. v. Clay County,* 639 F.Supp. 578 (D.Minn. 1986); *Chris N. v. Burnsville,* 634 F.Supp. 1402 (D.Minn.1986); *John Does 1–100 v. Ninneman,* 634 F.Supp. 341 (D.Minn.1986). The Minnesota statute of limitations applicable to § 1981 claims has not been determined since *Wilson,* however.

Defendant argues that *Wilson v. Garcia* does not require the application of a single statute of limitations to all § 1981 claims. Relying on *Warren v. Norman Realty Co.,* 513 F.2d 730 (8th Cir.), *cert. denied,* 423 U.S. 855, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975), it asserts that the statute of limitations for state civil rights laws barring employment discrimination should be used in this case. In *Warren,* the court found that the Nebraska statute of limitations for state claims of housing discrimination also barred plaintiff's federal housing claims under 42 U.S.C. §§ 1981 and 1983 and other statutes. *Warren* was effectively overruled by *Garmon* and *Occhino,* however,[1] and was seriously questioned in *Burnett v. Grattan* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984) (rejecting use in Civil Rights Act cases of statute of limitations

---

1. No court in this circuit has relied on *Warren* since *Garmon.*

established for administrative resolution of employment discrimination complaints). The fact that other aspects of *Garmon* and *Occhino* have been superceded by *Wilson v. Garcia* does not mean that *Warren* is somehow reinstated.

Every court which has considered the limitations on § 1981 actions after *Wilson v. Garcia* has found that a single statute of limitation applies to all § 1981 claims. *See e.g., Nazaire v. Trans World Airlines, Inc.*, 807 F.2d 1372 (7th Cir.1986); *Banks v. Chesapeake & Potomac Telephone Co.*, 802 F.2d 1416 (D.C.Cir.1986); *Goodman v. Lukens Steel Co*, 777 F.2d 113 (3rd Cir. 1985), *cert. granted*, — U.S. — 107 S.Ct. 568, 93 L.Ed.2d 573 (1986); *Bass v. NKC, Inc.*, 644 F.Supp. 24 (W.D.Ky.1985); *Rodriguez v. Chandler*, 641 F.Supp. 1292 (S.D.N.Y.1986); *DiPaslagne v. Elby's Family Restaurants, Inc.*, 640 F.Supp. 1312 (S.D.Ohio 1986); *Miller v. Hall's Birmingham Wholesale Florist*, 640 F.Supp. 948 (N.D.Ala.1986); *Saldivar v. Cadena*, 622 F.Supp. 949 (D.Wisc.1985). The Eighth Circuit has also indicated that it anticipates application of a single statute of limitations to all § 1981 claims. *Cross v. General Motors Corp.*, 778 F.2d 468 (8th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 2893, 90 L.Ed.2d 980 (1986).

The concerns that prompted the Supreme Court to favor a single statute of limitations for all § 1983 claims raised in a particular forum—the broad sweep of the statute and the avoidance of uncertainty, confusion, and lack of uniformity—are equally applicable here. *See Wilson v. Garcia*, 471 U.S. at 268–275, 105 S.Ct. at 1943–1946.

Defendant argues in the alternative that the 300–day statute of limitations for violations of the Minnesota Human Rights Act should apply to all § 1981 actions arising in Minnesota. This position is similarly contrary to all precedent since *Wilson v. Garcia* and to the Supreme Court's analysis in that case. Courts have uniformly rejected suggestions to adopt state human rights act limitations periods for use in § 1981 cases. *See, e.g., Banks v. Chesapeake & Potomac Telephone Co.*, 802 F.2d 1416 (D.C.Cir.1986); *Saldivar v. Cadena*, 622

F.Supp. 949 (W.D.Wisc.1985). *Cf. Burnett v. Grattan*, 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984) (rejecting application of statute of limitations for administrative resolution of employment discrimination claims).

The Supreme Court has made it clear that a statute of limitations applicable to Civil Rights Acts claims must be both historically tenable and relatively immune to manipulation inconsistent with federal law. *Wilson v. Garcia*, 471 U.S. at 276–79, 105 S.Ct. at 1947–1949. Thus, state statutes of limitation applicable to specific statutory discrimination claims and "catchall periods of limitation for statutory claims" are inapplicable to these cases: "the relative scarcity of statutory claims when [the Civil Rights Acts were] enacted makes it unlikely that Congress would have intended to apply [those] periods of limitations...." *Id.* at 278, 105 S.Ct. at 1948. Statutes of limitations for statutory causes of action are also inappropriate because the Civil Rights Acts' "guarantees of liberty are among the rights possessed by every individual in a civilized society, and not privileges extended to the people by the legislature." *Id.* at 278–79, 105 S.Ct. at 1948–1949. In choosing a proper statute of limitations, the court should also look to limitations period applicable to broad categories of claims, so that it is "unlikely that the period ... ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect." *Id.* at 279, 105 S.Ct. at 1949. *Wilson v. Garcia* thus strongly suggests rejection of the statutory limitations period proposed by defendant. Plaintiff's favored statute of limitations—the Minnesota catchall period for liabilities created by statute—is also an unlikely candidate.

Cases in other jurisdictions support the application to § 1981 claims of three possible statutes of limitations. Several courts, stressing the common background of § 1981 and § 1983 and the frequency with which both claims are raised in the same suits, have found a single statute of limitations applicable to all Civil Rights Acts claims. *See e.g. Goodman v. Lukens Steel*

*Co.,* 777 F.2d 113 (3d Cir.1985); *Miller v. Hall's Birmingham Wholesale Florist,* 640 F.Supp. 948 (N.D.Ala.1986). These cases would support application of Minn. Stat. § 541.07, subd. 1, the two-year statute for "libel, slander, assault, battery, false imprisonment, or other tort, resulting in personal injury."

Other courts have stressed the differing purposes and histories of § 1981 and § 1983. Relying on the Supreme Court's characterization of § 1981 as "relate[d] primarily to racial discrimination in the making and enforcement of contracts," *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459, 95 S.Ct. 1716, 1719, 44 L.Ed.2d 295 (1975), some have found state limitations periods for contract actions most appropriate. This analysis is particularly well developed in the dissent in *Goodman v. Lukens Steel Co,* 777 F.2d 113, 130 (3rd Cir.1985), and has been adopted in *Nazaire v. Trans World Airlines, Inc.,* 807 F.2d 1372 (7th Cir.1986), and *DiPasalgne v. Elby's Family Restaurants, Inc.,* 640 F.Supp. 1312 (S.D.Ohio 1986); *See also Harigan v. Sebastian's on the Waterfront, Inc.,* 629 F.Supp. 102 (D.V.I.1985). Under this analysis, Minn.Stat. § 541.05, subd. 1(1), a six-year statute for actions upon "a contract or other obligation, express or implied," is appropriate for § 1981 claims.

Still other courts considering statutory schemes which, like Minnesota's, have different statutes of limitations for intentional and negligent torts, have applied the negligence period to § 1981 claims. *See e.g., Banks v. Chesapeake and Potomac Telephone Co.,* 802 F.2d 1416, 1428 (D.C.Cir. 1986) ("like § 1983, § 1981 is best characterized as a remedy for personal injury torts, ... but unlike § 1983, it was *not* designed to provide a remedy for intentional torts such as assaults or batteries. Rather, § 1981 primarily ensures equal rights to make and enforce contracts, equal access to judicial process, and equal rights under law"). *See also Saldivar v. Cadena,* 622 F.Supp. 949 (W.D.Wisc.1985) (adopting period for actions for "injury to the character or rights of another, not arising from contract"). This last group of cases supports adoption of Minn.Stat. § 541.05 subd.

1(5), the six year statute for "other injury to the person or rights of another, not arising on contract." This statute of limitations applies to negligence actions. *American National Liability Insurance Co. v. Reed Cleaners,* 122 N.W.2d 178, 180 (Minn.1963).

The parties have not developed arguments for and against these various possible statutes of limitations. Moreover, on the facts of this case, Rhodes is entitled to proceed under the six year statute of limitations previously applicable to § 1981 claims in this district. Accordingly the court need not decide which of the possible statute of limitations should apply to future § 1981 claims. *See Jones v. Bechtel,* 788 F.2d 571 (9th Cir.1986) (declining to decide proper limitations period for § 1981 actions where plaintiff had reasonably relied on previously established limitations period), *Cf. Cross v. General Motors,* 778 F.2d 468 (8th Cir.1986) (declining to decide appropriate statute of limitations where plaintiff has reasonably relied on previously established limitation period).

The three-factor test of *Chevron Oil v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) governs the decision whether to apply a change of law retroactively in a particular case. *Ridgway v. Wapello County,* 795 F.2d 646 (8th Cir. 1986) (change in statute of limitations did not apply retroactively to bar § 1983 claim). The *Chevron* factors are:

> (1) whether the decision establishes "a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed"; whether retroactive application will advance or retard operation of the new rule, determined by looking to the history, purpose, and effect of the rule; and (3) whether retroactive application will be inequitable in that it would create injustice or hardship.

*Ridgway,* 795 F.2d at 647 (citations omitted).

Under *Garmon v. Foust,* and *Occhino v. United States,* Rhodes had six years to file his § 1981 action. He had no reason to question reliance on this limitations period until the Supreme Court decided *Wilson v. Garcia* on April 17, 1985. The *Wilson* rationale was not applied to replace the *Garmon* and *Occhino* limitations period for § 1983 claims in Minnesota until August 16, 1985. *Cook v. City of Minneapolis,* 617 F.Supp. 461 (D.Minn.1985). Since then the courts have looked at how soon plaintiffs filed their § 1983 claims after the *Wilson* and *Cook* decisions.[2] *See, e.g., Richard H. v. Clay County, Minnesota,* 639 F.Supp. 578, 581 (D.Minn.1986) (plaintiff who filed nine months after *Wilson* and five months after *Cook* could no longer claim reliance on *Garmon* and *Occhino*); *James W. v. Dakota County,* 657 F.Supp. 636 (D.Minn.1986) (plaintiff who filed seven months after *Wilson* and three months after *Cook* reasonably relied); *Chris N. v. Burnsville,* 634 F.Supp. 1402 (D.Minn.1986) (plaintiff who filed claim six months after *Wilson* and two months after *Cook* reasonably relied). The matter is further complicated because this is not a § 1983 action, and neither *Wilson* nor *Cook* speak directly to the claim at bar. Rhodes filed this case less than six months after *Wilson* and less than two months after *Cook*. Under the circumstances, he does not appear to have unreasonably delayed the filing of this § 1981 action.

Accordingly, based on the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant's motion for partial judgment on the pleadings is denied.

---

2. As *Cook* notes, after *Wilson* the task of choosing a statute of limitations was complicated in states like Minnesota where more than one statute of limitations governs personal injury actions. 617 F.Supp. at 461.