# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1732

_____

| | | |
|---|---|---|
| Jim L. Housley, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Mary Jane Erwin, Mayor of the City | * | |
| of Flippin, Arkansas; The City of | * | |
| Flippin, Arkansas; John Doe Police | * | |
| Officers, Flippin, Arkansas; John | * | |
| Putnam, Marion County Prosecutor | * | |
| and Policymaker for the County | * | Appeal from the United States |
| Prosecutor's Office; Kenford Carter, | * | District Court for the |
| City and County Prosecutor and | * | Western District of Arkansas. |
| Policymaker for the County | * | |
| Prosecutor's Office; Linda Adams, | * | [UNPUBLISHED] |
| Court Reporter; Carl McBee, Sheriff | * | |
| and final policy-maker for Marion | * | |
| County Sheriff's Department; James | * | |
| Mike Moffet, Marion County Deputy | * | |
| Sheriff and Investigator for the | * | |
| 14th Judicial Drug Task Force; | * | |
| Dwayne McFarland, Marion County | * | |
| Deputy Sheriff; Steve Smothers, | * | |
| Deputy Sheriff of Marion County; | * | |
| Donny Yancey, Deputy Sheriff of | * | |
| Marion County; Lyle Scott, Police | * | |
| Officer for Mountain Home, Arkansas; | * | |
| Terry Johnson, Deputy Sheriff of | * | |
| Baxter County and investigator for the | * | |
| 14th Judicial Drug Task Force; Jim | * | |
| Scott, Deputy Sheriff of Baxter County; | * | |

Gary Jenkins, Arkansas State Highway &ast;
Patrol Trooper; Gary Small, &ast;
Investigator for the 14th Judicial &ast;
Drug Task Force; Linda Uchtman, &ast;
Informant working for the 14th &ast;
Judicial Drug Task Force; Benny &ast;
Magness, President of the Board of &ast;
Corrections for the Arkansas Prison &ast;
System; Dale Finley, Defense Attorney; &ast;
Beckey Gage, Arkansas State Highway &ast;
Patrol Trooper; Rodney Anderson, &ast;
Deputy Sheriff of Baxter County; Lee &ast;
Sanders, Deputy Sheriff for Baxter &ast;
County; Ezra Roberts, Deputy Sheriff &ast;
for Baxter County; Jason Pace, Deputy &ast;
Sheriff for Baxter County; Tom &ast;
Fleming, Deputy Sheriff for Marion &ast;
County; Shane Lane, Deputy Sheriff &ast;
for Marion County; Rickey Walker, &ast;
Deputy Sheriff for Marion County; &ast;
Sam Martin, Harrison City Police, 14th &ast;
Judicial Drug Task Force Investigator &ast;
and Officer for the United States Drug &ast;
Enforcement Agency; Robert &ast;
McCorkindale, Judge, Marion County; &ast;
Gordon Webb, 14th Judicial Drug Task &ast;
Force Member, policy-maker advisor to &ast;
police and office manager, prosecutor &ast;
for Marion, Baxter and Boone &ast;
Counties; Karen Waggenor, Juror; &ast;
Darlene Prine, Juror; Betty Schmidt, &ast;
Juror; City of Harrison, Arkansas; &ast;
John Doe, Police policy maker for the &ast;
City of Harrison Police Department; &ast;
John Doe, U.S. Drug Enforcement &ast;
Agency policy maker for Northwest &ast;
Arkansas; City of Mountain Home, &ast;

-2-

Arkansas; John Doe, City police policy     *
maker for Mountain Home, Arkansas;     *
Baxter County Sheriff's Department;     *
John Doe, Sheriff of Baxter County;     *
Marion County Sheriff's Department;     *
John Does, Justices of the Supreme     *
Court of Arkansas; John Does, Prison     *
Officials; 14th Judicial Drug Task     *
Force,     *
    *
            Appellees.     *

_____

Submitted: May 20, 2009
Filed: May 26, 2009
_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Jim Housley appeals the district court's[1] 28 U.S.C. § 1915(e)(2)(B) preservice dismissal of his civil rights complaint and the court's denial of his motion to proceed in forma pauperis (IFP) on appeal. We grant leave to proceed IFP[2] and affirm.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.

[2]We note that the district court has already ordered collection of the appellate filing fee in installments.

Upon de novo review of the dismissal, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (standard of review), we agree that any claims Housley asserted that challenged his conviction--explicitly or implicitly--were properly dismissed, see Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (state prisoner challenging conviction on federal constitutional grounds is limited to habeas corpus); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (when state prisoner seeks damages in § 1983 suit, district court must consider whether judgment would necessarily imply invalidity of conviction and, if it would, must dismiss case if plaintiff cannot demonstrate that conviction has already been invalidated), but we modify the dismissal of any such claims for damages to be without prejudice, see Schafer v. Monroe, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (dismissal under Heck of claims for damages should be without prejudice so plaintiff can refile if he satisfies Heck requirements).

We also agree that any other claims Housley raised which arose out of events preceding his conviction were properly dismissed on statute-of-limitations grounds. See 18 U.S.C. § 2520(e) (civil action may not be commenced later than 2 years after date upon which claimant first has reasonable opportunity to discover violation); 42 U.S.C. § 1986 (1-year statute of limitations); Ark. Code. Ann. § 16-56-105 (3-year personal-injury statute of limitations); Roach v. Owen, 689 F.2d 146, 146-47 (8th Cir. 1982) (per curiam) (state's general statute of limitations usually applies to civil rights suits; court properly applied Arkansas's 3-year statute of limitations to plaintiff's 42 U.S.C. § 1985 claim); Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001) (Arkansas 3-year personal injury statute of limitations applies to 42 U.S.C. § 1983 action); see also Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district court can dismiss IFP complaint under predecessor statute to § 1915(e)(2)(B) if it is apparent statute of limitations has run).

We also affirm the dismissal of Housley's claims challenging his transfer and conditions of confinement, because Housley's allegations failed to state a claim on

which relief may be granted.  See Helling v. McKinney, 509 U.S. 25, 35 (1993) (prisoner states Eighth Amendment claim by alleging prison officials have, with deliberate indifference, exposed him to levels of ETS that pose unreasonable risk of serious damage to his future health); Madewell v. Roberts, 909 F.2d 1203, 1207 (8th Cir. 1990) (finding no protected liberty interest in particular prison classification status; stating elements of Eighth Amendment claim for compelled labor).

Finally, we find no reversible error by the district court in denying Housley's motion to amend his complaint to add allegations related to his parole status.  See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 9-11 (1979) (statute that provides for possibility of parole does not create liberty interest protected by Due Process Clause); Holloway v. Dobbs, 715 F.2d 390, 393 n.3 (8th Cir. 1983) (per curiam) (any error in district court denying plaintiff leave to amend complaint against defendant who had not served responsive pleading was harmless because amended complaint failed to state claim).

In sum, the judgment is modified to reflect that, to the extent Housley has asserted Heck-barred claims for damages, they are dismissed without prejudice, and the judgment is affirmed as modified.

_____